## TABOR v. MILES.

1. APPEAL FROM COUNTY TO DISTRICT COURT—PRACTICE.

Proceedings in the district court on appeal from the county court are required in all respects to be *de novo*. The judgment of the court below is inoperative as a merger of the demand sued on or as a release.

2. BILLS AND NOTES—INDORSER.

One who has indorsed a promissory note previous to its delivery is a maker, and the obligation is joint and several.

*Appeal from the District Court of Arapahoe County.*

Messrs. CARPENTER & McBIRD, for appellant.

Mr. J. WARNER MILLS, for appellee.

REED J., delivered the opinion of the court.

Suit was brought by appellee against appellant and Pierson & Whipple on the note of which the following is a copy:

"$1,500.          DENVER, COLO., March 31, 1888.

"One year after date we promise to pay to the order of A. H. Miles fifteen hundred dollars. Interest at one per cent. per month, payable monthly. Value received.

"WHIPPLE & PIERSON,
"FRANK F. PIERSON,
"W. W. WHIPPLE."

Indorsed upon the back by appellant.

Proceedings were had, resulting in a judgment against Whipple & Pierson, and in favor of appellant. The proceedings appear to have been quite irregular and somewhat peculiar. Judgment was taken against all the parties by default, while a demurrer of appellant was upon file undisposed of. Afterwards, judgment vacated against appellant and one entered in his favor upon demurrer. These facts and a reci-

tation of the proceedings in the county court would not need to be stated, except for contention of counsel, which will be discussed later.

An appeal was taken from the judgment of the county court to the district court, where a trial was had, resulting in a judgment against all for the sum of $2,195.50, from which this appeal is prosecuted.

Several errors are assigned, none of which are relied upon in argument, where the only contention is one not covered by any assignment of error. It is, in effect, that the judgment of the county court against Whipple & Pierson and in favor of appellant operated as a release of appellant; that the note was merged in the judgment against Whipple & Pierson, and could not be the basis of a proceeding in the district court.

Appeals are allowed from the county court to the district court of the same county from all final judgments but those of confession. Mill's An. Stats., sec. 1085.

Sec. 1089, of Mill's An. Stats., is as follows: "In all appeals provided for in the foregoing section, the proceedings in the appellate court shall be, in all respects, *de novo*. Said appellate court shall consider and pass upon all objections to the pleadings and proceedings in the said cause which may have been made in the county court, and make such orders, and render such judgments or decrees as shall be meet and proper, in the same manner as though such cause had been originally begun in said district court; and the defendant, where judgment has been rendered by default, shall have a right to plead any and all defenses which he might have pleaded had the cause been originally brought in the district court. All such causes shall be conducted in the same manner as if originally brought in the district court," etc.

The statute is clear and explicit; no construction is necessary. The language is "shall be in all respects *de novo*." See *Kiskadden v. Allen*, 7 Colo. 208. All proceedings of the court below are vacated, held for naught. Such being the case, nothing was *res adjudicata*, no judgment operating as

a merger nor releasing appellant.   There was nothing that could be pleaded of proceedings there had that would conclude either party, and nothing transpiring that was pleaded in the district court; hence the contention is without legal force, and should not be considered.   The objection is first urged in this court and need not be regarded.   *Williams v. Mellor*, 12 Colo. 11 ; *Thornily v. Pierce*, 10 Colo. 253 ; *Barnes v. Beighly*, 9 Colo. 478.   But that being the only contention, we chose to consider it.

It is shown by the evidence that the note was indorsed by appellant previous to its delivery ; hence he was a maker, and the obligation was joint and several.   Mill's An. Stats., sec. 2528 ; Civil Code, secs. 13 and 42; Daniels on Nego. Instr., sec. 1296 ; *Hamill v. Ward*, 14 Colo. 277.

The evidence was very brief.   No legal defense was interposed or urged upon the trial.   The judgment appears proper, and sustained by the evidence, and should be affirmed.

*Affirmed.*