[No. 5189.]

[No. 2796 C. A.]

KINSEL v. WIELAND.

1. Appellate Practice—Abstract of Record—Matters Presented for Review.

The appellate court is not required, at the request of appellant or plaintiff in error, to go beyond the printed abstract for matters presented for review.—P. 298.

2. Same—Presumptions.

Where the abstract of record does not purport to contain all the evidence in narrative form, and does not state that the bill of exceptions contains all the evidence, and no objections were made to the court's instructions to the jury, and there is nothing whereby to advise the appellate court upon what theory the case was submitted, or what instructions were given to the jury, it will be assumed that the case was properly submitted under pertinent evidence and with appropriate instructions. —P. 298.

3. **Appellate Practice—Abstract of Record—Questions for Review.**

An objection that the trial court permitted defendant by parol testimony to contradict the legal effect of his blank indorsement on the note sued on, cannot be intelligently inquired . into where the abstract or record does not disclose whether the evidence offered on such issue was oral or written, and, therefore, will not be reviewed by the appellate court.—P. 298.

4. **Appellate Practice—Burden of Showing Error.**

An appellant or plaintiff in error must affirmatively show error in order to secure a reversal of the judgment of which he complains.—P. 299.

5. **Bills and Notes—Indorsements—Parol Evidence.**

Parol . evidence is admissible to show the circumstances under which persons other than the payee of the note, and apparently not connected therewith, indorsed the same.—P. 299.

6. **Appellate Practice—No Appearance for Appellee—Corrections of Brief—Abstract—Presumptions.**

Where there is no appearance for appellee or defendant in error, the appellate court cannot assume the corrections of the statement of a case made by appellant or plaintiff in error in his brief unless the same is founded on the printed abstract. —P. 300.

*Error to the District Court of Otero County.*
*Hon. N. Walter Dixon, Judge.*

Action by J. J. Kinsel against J. B. Wieland. From a judgment in favor of defendant, plaintiff brings error. ·                            *Affirmed.*

Mr. O. G. HESS, for plaintiff in error.

No appearance for defendant in error.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

Action by plaintiff Kinsel, payee of a promissory note, against defendant Wieland, as co-maker, he having, as it is alleged, indorsed the same in blank before delivery. The note was executed in 1897, and signed by John A. Jackson as maker, payable to the order of plaintiff Kinsel.

To the complaint stating the foregoing facts, there was an answer containing two defenses: First, a denial that defendant indorsed the note before maturity, but, on the contrary, the same was indorsed by defendant after its execution and delivery and on the day of its maturity, and at the solicitation of the plaintiff, for his accommodation, and without any consideration, and with the express agreement that defendant should not be held liable for its payment in any manner; Second, the defense of payment. The replication put in issue the new matter. There was a judgment for defendant, and plaintiff has sued out this writ of error. There is no appearance here for defendant in error.

The abstract is insufficient and meager, and, under the established practice of this court, plaintiff in error may not press for consideration the assigned errors. It need hardly be said that, at the request of an appellant or plaintiff in error, we are not required in our investigations to look beyond the printed abstract of record. The abstract before us does not purport to contain all the evidence in narrative form; neither does it state that the bill of exceptions contains all the evidence produced at the trial. The case was tried before a jury, and there were no objections to the instructions. We are not advised upon what theory the case was submitted, or what instructions in fact were given to the jury. We may assume, therefore, that the case was properly submitted upon both defenses under pertinent evidence and with appropriate instructions.

But the principal objection here urged to the judgment—that the court permitted the defendant by parol testimony to contradict the legal effect of his blank indorsement—cannot be intelligently inquired into. Counsel rely upon *Dunn v. Ghost,* 5 Colo. 134; *Martin v. Cole,* 3 Colo. 113 (which was

affirmed in 104 U. S. 30), and *Tabor v. Miles,* 5 Colo.
App. 127, and kindred cases, for the proposition that
the terms of a contract of indorsement or signature
on a promissory note cannot be contradicted by parol
evidence.

From the evidence which is summarized in the
abstract, it would appear that the defendant was per-
mitted to explain the circumstances of his indorse-
ment and the restrictive nature of the same. Wheth-
er this evidence was oral or written, the abstract
does not sufficiently or definitely disclose. For aught
that appears, it may be that defendant introduced as
a part of the contract of indorsement written evi-
dence which, in connection with the indorsement, con-
stituted a valid contract between him and the payee.
It will be observed that this action is one by the
payee of the note against an indorser apparently not
otherwise connected as a party thereto. The com-
plaint says the indorsement was made before de-
livery of the note to the plaintiff; the answer, that it
was made afterwards, and for a specific purpose, and
for the accommodation of the payee.

The plaintiff in error or appellant must affirma-
tively show error in order to secure a reversal of a
judgment of which he complains. In affirming the
judgment, as already stated, we are at liberty to pre-
sume that there was evidence tending to establish
the defenses pleaded, and that a proper submission
was made to the jury. In *Fisk v. Reser,* 19 Colo. 88,
this court cited with approval *Rey v. Simpson,*
22 How. (U. S.) 341, to the point that parol proof is
admissible to show the circumstances in which per-
sons other than the payee, and apparently not con-
nected with a promissory note, had indorsed the
same. The case in hand, under the evidence and
instructions of the court, may have been brought
within this doctrine, and the printed abstract does

not affirmatively show that it was not. In view of the fact that there is no appearance for defendant in error, and that we are not required to search the transcript for reasons to reverse the judgment, we make the additional observation that we cannot assume the correctness of the statement of a case made by a plaintiff in error or appellant in his brief unless the same is founded upon the printed abstract. For the foregoing reasons, also, other objections urged by plaintiff in error, some of which are to the rulings of the court in admitting and rejecting evidence, cannot be inquired into, particularly since the abstract does not sufficiently disclose their nature, or the evidence to which they apply.

No prejudicial error having been affirmatively shown, the judgment must be affirmed. *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE STEELE concur.