513 P.2d 239 (1973)
Sidney McINTOSH, a minor by her next friend, Robert J. McIntosh and Robert J. McIntosh, Individually, Plaintiffs-Appellants,
v.
George F. ROMERO, Defendant-Appellee.
No. 72-407.
Colorado Court of Appeals, Div. I.
August 8, 1973.
*240 Clarke W. Karr, David M. Bryans, Denver, for plaintiffs-appellants.
Holley, Boatright & Villano, Roger D. Witt, Wheatridge, for defendant-appellee.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
Plaintiffs seek damages of approximately $17,000 for injuries received in an automobile accident allegedly caused by the negligence of defendant. Defendant moved for dismissal on the ground that plaintiffs are not the real parties in interest. The motion was granted and judgment of dismissal entered. Plaintiffs appeal from that judgment. We reverse.
Defendant, in his verified motion, asserted that plaintiffs had recovered approximately $4,000 from their insurance carrier under an uninsured motorist clause in their insurance policy. He further alleged that the insurance company was the subrogee of plaintiffs and asked the court to take judicial notice of the fact that the company had previously filed suit in the same court against defendant to recover the amount so paid. At the hearing on the motion, the record of the insurer's action against defendant was admitted in evidence by stipulation and showed that the insurer alleged that it became subrogated to these plaintiffs' rights. The record in this court discloses that the prior case had been dismissed, but there is no showing as to why or under what circumstances the dismissal occurred. Plaintiffs contended that the alleged subrogation was partial, extending only to the amount paid plaintiffs, and did not fully compensate them for the injuries sued on in the present action.
The complaint in the present action states a prima facie claim for relief against defendant. The evidence at the hearing revealed a contested issue of fact and, at most, established the existence of a third party who might be a necessary party to this action. Since failure to join a necessary party is not a ground for dismissal of an action, the evidence presented did not justify dismissal of this case. C.R. C.P. 21. Krueger v. Merriman Electric, 29 Colo.App. 492, 488 P.2d 228. Plaintiffs cannot be deprived of their day in court solely on an allegation of a third party, made in an action to which plaintiffs were not parties. Instead of dismissing the complaint, the court should have proceeded in accordance with C.R.C.P. 19, joining the insurance company as a party, or it *241 should have allowed plaintiffs the opportunity to amend their complaint.
Judgment reversed and cause remanded for further proceedings not inconsistent herewith.
COYTE and PIERCE, JJ., concur.