532 P.2d 751 (1975)
Dorothy F. TURNER, Plaintiff-Appellant,
v.
Marian N. ROSSMILLER et al., Defendants-Appellees.
No. 74-120.
Colorado Court of Appeals, Div. II.
February 19, 1975.
*752 Geer, Goodwin & Chesler, P.C., Robert E. Goodwin, David McCarl, Denver, for plaintiff-appellant.
Max P. Zall, City Atty., Brian H. Goral, Robert D. Dowler, Asst. City Attys., Denver, for defendants-appellees.
Selected for Official Publication.
BERMAN, Judge.
Turner was dismissed from her job with the Police Department of the City and County of Denver in August 1971. Pursuant to the rules of the Career Service Board (Board) she filed a complaint with the Board. An investigation was made, after which the hearing officer, appointed by the Personnel Director (Director), determined that the dismissal was not for just cause and recommended that it be revoked. Concluding that reinstatement with the Department would not be an appropriate remedy, he recommended that Turner be permitted to resign voluntarily and be placed on the reemployment roster. The Police Department, which was the appointing authority (Department), responded to this recommendation by stating, "[W]e do not necessarily agree with [the hearing officer's] conclusion, but we have no objection whatsoever to his recommendation in this matter."
In February 1972, Turner, through her attorney, requested a hearing before the Board on the recommendation that she be *753 permitted to resign voluntarily, contending that the hearing officer had no authority to make any such recommendation. At the same time, she requested that she be restored to her prior employment with back pay, seniority, and other related benefits from and after the date of her dismissal. The Board thereupon conducted a hearing, concluded that there had been just cause for the dismissal, denied Turner's appeal, and affirmed the action of the Department.
Turner filed this action under C.R.C.P. 106(a)(4) claiming that the action of the Board was arbitrary and capricious and that it had acted in excess of its jurisdiction. In the trial court the parties stipulated that the only issue was whether the Board had the legal right to reconsider dismissal in its de novo hearing, or whether the hearing should have been limited to the validity of the hearing officer's recommendation that the plaintiff voluntarily resign. The trial court held that the Board had the legal right to conduct a de novo hearing and dismissed plaintiff's complaint.
Turner now urges that the trial court erred in finding that the Board could consider the dismissal in its de novo hearing; that the procedures used by the Board denied her due process of law; and that the punishment imposed was arbitrary and capricious. We affirm the trial court judgment.
The Denver Career Service Authority Personnel Rules 12-10 (PR 12-10) provides that:
"Any employee or applicant who feels himself aggrieved may appeal to the Career Service Board from:
a) An action of the Personnel Director;
b) An action of an appointing authority resulting in alleged violation of the Career Service Charter Amendment, ordinances relating to the career service, or the personnel rules."
PR 12-22 states that "[a]ny person aggrieved by an action of the ... Director may, within ten calendar days of notification of such action, appeal to the Career Service Board."
Turner contends that the recommendations and conclusions of the Director constitute an "action" from which she was permitted by PR 12-10 and 12-22 to appeal to the Board. Not so.
The status of these conclusions and recommendations of the Director are shown by an analysis of PR 12-21 relative to the procedure to be followed in the appeal of a dismissal.
Upon receiving notice of "action of an appointing authority resulting in dismissal, any person aggrieved by [such] action of an appointing authority . . . may, within ten calendar days of notice of such action, register his complaint with the Career Service Authority." PR 12-21 (a). Upon the filing of such a complaint, the Director is required to make an investigation to determine the facts of the case, at the conclusion of which he must issue a statement in writing to the department and the employee concerning the results of his investigation. His statement "shall specify any agreements which were reached between the department and the employee and may also include [his] recommendation... to change the action complained of, if, in his judgment, it is in the best interest of the city to do so." (emphasis added) Any such recommendation may be accepted or rejected by the appointing authority and the employee. PR 12-21 (b). We also note that PR 10-80 provides that only the appointing authority is authorized to change the type of separation (reason for termination of employment, PR 1) previously made.
It is obvious that the purpose of 12-21(b) is to provide a forum for the adjustment of differences between the appointing authority and the employee, but it is only that, and nothing more. If agreement can be reached between the parties, the dispute will have been resolved without the necessity of having any hearing before the Career Service Board; if not, a right of appeal to the Board is provided by PR 12-21(c), which states that "[w]ithin ten calendar days of the receipt of the Personnel Director's statement, the employee may appeal *754 the action of the appointing authority to the Career Service Board." (emphasis added)
These recommendations and conclusions are advisory only and are not "action" which the Director is in any position to enforce by compulsion or any other means. Thus, the recommendations and conclusions of the Director made pursuant to PR 12-21 (b) are not appealable to the Board.
Since the recommendations and conclusions of the Director were not appealable, the only matters left for the Board's determination were the original complaint filed by Turner contesting the dismissal, and her request for reinstatement, back pay, and seniority. The Board was within its discretion in considering these matters as being an appeal from the dismissal, and accordingly it proceeded to hear the matter de novo. This procedure was one for the benefit of Turner, since absent this exercise of its discretion there would have been nothing she could have appealed from and the dismissal would automatically have taken place.
There is no question that the Board, pursuant to charter provision, has the authority to conduct a de novo hearing upon an appeal by a city employee. The question here presented is whether the scope of that hearing may be limited by the appellant employee.
The Denver City Charter § C5.25 states in relevant part:
"The Career Service Board shall and shall have the power to ... (4) hear appeals by employees and by applicants for employment in the Career Service from the administrative action of officers and employees relating to personnel matters, in accordance with personnel rules adopted or to be adopted by the Career Service Board, and, at such hearing, receive evidence and determine the facts de novo; (5) administer and enforce its personnel rules. ..."
The City Charter is in effect Denver's constitution, People ex rel. Moore v. Perkins, 56 Colo. 17, 137 P. 55, and we must construe such a charter's language according to its plain meaning. Civil Service Employees v. Love, 167 Colo. 436, 448 P.2d 624. A trial de novo is commonly understood as a trial anew of the entire controversy, including the hearing of evidence as though no previous action had been taken. People v. Williams, 172 Colo. 434, 473 P.2d 982; Estes v. Denver & Rio Grande Railroad Co., 49 Colo. 378, 113 P. 1005; Tabor v. Miles, 5 Colo.App. 127, 38 P. 64.
The nature of the hearing before the Board convinces us that the phrase "receive evidence and determine the facts de novo" must be interpreted to require the Board to make a determination of all the facts pertinent to the issue; in this case, the propriety of Turner's dismissal. The hearing before the Board is not a review of the conclusions or recommendations of the investigating officer, it is an appeal of the action of the appointing authority which resulted, in this instance, in Turner's dismissal.
There is no requirement in the Personnel Rules that the Director record any evidence received during the course of his investigation. Since there is no official record of any evidence which can be presented to the Board for its review, the Board must ascertain what the facts are in order that it may make its findings and either affirm, reverse, or modify the action of the appointing authority. It does this by a de novo hearing. We are fortified in our conclusion by the fact that, in the hearing before the Board, PR 12-32 permits the calling of witnesses and representation by counsel or another representative of the parties' choosing, and PR 12-33 provides that "[a] record of the hearing shall be made," after which the Board is required "to make its findings on the basis of the evidence in the record." We agree with the trial court that not only did the Board have the legal authority to conduct a hearing *755 de novo on Turner's dismissal, it would have acted contrary to the charter provisions and its own rules had it not conducted such a hearing.
Turner has raised the additional arguments that she was denied due process of law at the hearing, and that the Board acted arbitrarily in ordering her dismissal, and in not considering a lesser punishment for her. We agree that due process is applicable in administrative hearings, Mountain States Tel. and Tel. Co. v. Department of Labor and Employment, Colo., 520 P.2d 586, but that fact is of no avail to Turner in this case. Turner concedes in her brief that, in the trial court, the parties stipulated the only issue for that court's consideration was "whether the Board had the legal right to hold a de novo hearing or whether the hearing should be limited to the recommendation that [Turner] resign." Under this stipulation, the trial court was correct in limiting its decision to that one issue, and Turner is precluded from raising any other issue here. Western Oil Fields, Inc. v. Coit, 29 Colo.App. 567, 487 P.2d 562.
Judgment affirmed.
ENOCH and Van CISE, JJ., concur.