**H.H. THOMAS, doing business as Thomas Heating & Air Conditioning, Plaintiff-Appellee,**

**v.**

**John W. BOVE and Alice M. Bove, Defendants-Appellants.**

**No. 82CA1052.**

Colorado Court of Appeals, Div. II.

Aug. 23, 1984.

Law Offices of Robert A. Lehman, Robert A. Lehman, Denver, for plaintiff-appellee.

Gaddis, Wilbur, Sims & Kaufman, P.C., James F. Wilbur, Longmont, for defendants-appellants.

BERMAN, Judge.

Defendants, John and Alice Bove (buyers), appeal the trial court's denial of their counterclaims for breach by plaintiff, H.H. Thomas, doing business as Thomas Heating & Air Conditioning (seller), of express and implied warranties on a heating system defendants purchased from plaintiff. We affirm.

On September 17, 1979, buyers entered into a contract with seller for the purchase and installation of a new heating system into buyers' Boulder, Colorado, home. In November of 1979, seller completed installation of the heating system. Buyers paid seller $3,000 with a balance of $4,650 due on the contract.

Buyers repeatedly communicated to seller their dissatisfaction with the alleged economic inefficiency, noise, and lack of comfort resulting from the new heating system. Seller attributed any malfunction of the heating system to buyers' repeated disconnection of "heat strips" from the system's heat pumps in their effort to reduce their electric bill. Nevertheless, seller made some effort to rectify those problems; however, seller terminated those efforts when buyers refused to pay the balance of the contract price for purchase and installation. Finally, on January 9, 1980, buyers wrote a rather detailed letter to seller specifically explaining their dissatisfaction and indicating a desire to remove the heating system.

On January 30, 1980, as a result of buyers' nonpayment, seller filed a mechanic's lien against the property. Thereafter, seller initiated the within action in the form of a mechanic's lien foreclosure for the amount of $4,650 plus interest and costs. Buyers joined, as a third-party defendant, the manufacturer and distributor of the primary functional parts of the heating system; however, the third-party claim was later dismissed by stipulation.

In early 1981, seller's heating system was removed from buyers' home by a contractor hired by buyers.

On April 27, 1982, the trial court entered judgment on the contract in favor of seller for $4,650 plus interest of $1,080.17 and costs of $230, subject to a reduction of $1,270 awarded on buyers' counterclaim for inadequacy of installation. In sum, judgment for seller was in the amount of

$4,663.17. The trial court also granted seller the right to foreclose on the mechanic's lien of buyers' real property. This appeal followed.

Buyers' first contention is that the trial court erred in not finding that the heating system was covered by three warranties: (1) an express warranty under § 4–2–313, C.R.S., (2) an implied warranty of merchantability under § 4–2–314, C.R.S., and (3) an implied warranty of fitness for a particular purpose under § 4–2–315, C.R.S. Buyers also contend that the court erred in failing to find a breach by seller of each of those warranties.

Seller's only answer, and one which is unsupported in seller's brief by any case or statutory authority, is that the Uniform Commercial Code article governing sales, § 4–2–101, et seq., C.R.S., which provides for such warranties is inapplicable to "improvements on real property that are fixtures." We reject seller's contention, but we find that the evidence is sufficient to support the trial court's implicit findings that the three warranties either did not exist or were not breached by seller.

"Unless the context otherwise requires," § 4–2–101, et seq., C.R.S., "applies to transactions in goods." Section 4–2–102, C.R.S. (1983 Cum.Supp.). "Goods" are defined as:

> "[A]ll things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities ... and things in action. 'Goods' also includes the unborn young of animals and growing crops and other identified things attached to realty as described in ... section 4–2–107." Section 4–2–105(1), C.R.S. (parenthetical phrase in original).

We have previously applied provisions of the UCC sales article to a case involving the sale and installation in real property of a standby emergency electric power plant, consisting of an engine and generator. *Regents of University of Colorado v. Pacific Pump & Supply, Inc.*, 35 Colo.App. 36, 528 P.2d 941 (1974). Similarly, our Supreme Court decided a case involving installation of a water softener in a home, based on law contained in the Uniform Sales Act. *Cherokee Investment Co. v. Voiles*, 166 Colo. 270, 443 P.2d 727 (1968).

Here, there is no doubt that the heating system was "movable" since it was moved to buyers' residence for installation in late 1979 and removed from buyers' residence in early 1981. And, there is nothing in the context of the warranties set out in §§ 4–2–313, 4–2–314, 4–2–315, C.R.S., which precludes their application to the sale of a heating system. Hence, even if we were to classify the heating system as a "fixture," such warranties are indeed applicable to the transaction here. For "[t]he fact that [materials sold] might later be installed in the ... home and assume the character of fixtures does not undermine the primary purpose of the contract as one for a sale of goods." *Colorado Carpet Installation, Inc. v. Palermo*, 668 P.2d 1384 (Colo.1983).

Although the trial court made no specific factual findings regarding either the existence or nonexistence of the three warranties at issue here, or the breach or compliance by seller with any such existing warranties, the court did find that the "Fedder pumps were not defective" and that the "heat pumps were not being operated properly or as desired because heat strips were disconnected." We construe this finding as one implicitly negating the breach by seller of any existing warranties. As so construed, such findings have support in the record and, thus, may not be disturbed on review. *Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979).

Inasmuch as seller did not breach the contract, buyers' remaining contentions of error are without merit.

Judgment affirmed.

SMITH and METZGER, JJ., concur.