**M & J LEASING COMPANY,**
**Plaintiff–Appellee,**

v.

**The EXECUTIVE DIRECTOR OF the DEPARTMENT OF REVENUE OF THE STATE OF COLORADO, Defendant–Appellant.**

**No. 89CA0299.**

Colorado Court of Appeals,
Div. I.

March 1, 1990.

Rehearing Denied April 5, 1990.

Certiorari Denied Sept. 4, 1990.

William F. Skewes, Denver, for plaintiff-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Steven M. Bush, Asst. Atty. Gen., Denver, for defendant-appellant.

Opinion by Judge SILVERSTEIN *.

The Executive Director of the Department of Revenue appeals the summary judgments entered in favor of M & J Leasing Co. (taxpayer) which determined that the taxpayer was not liable for sales tax, interest, penalties, and penalty interest. We reverse the judgments and remand for further proceedings.

In 1984, the department issued a Notice of Deficiency to the taxpayer, which the taxpayer protested. The department held a hearing on September 18, 1986, and issued a final determination on December 30, 1987, which contained findings of fact and conclusions of law, holding the taxpayer liable. These findings were based on a joint stipulation of facts, which by its terms was "for the purposes of administrative hearing only...."

On January 18, 1988, the taxpayer filed an appeal and complaint for a trial *de novo* in the district court. On October 26, 1988, the trial court granted the taxpayer's motion for partial summary judgment, concluding that the department was bound by the findings of fact that had been used in its final determination.

On January 23, 1989, the trial court granted the taxpayer's motion for summary judgment on the other issues in the case. That judgment incorporated the findings of fact of the final determination and also concluded, based on relevant tax statutes, that no taxes were due. The Executive Director has appealed both of these judgments, and also contends that the Depart-

ment of Revenue is entitled to judgment as a matter of law pursuant to the applicable tax statutes.

## I.

As he did in the trial court, the Executive Director argues that § 39–21–105(2)(b), C.R.S. (1982 Repl.Vol. 16B) requires the trial court to review all evidence in a trial *de novo*, regardless of the findings of fact made in the final determination issued by the Department. We agree.

In pertinent part, that section provides: "The district court shall try the case de novo, *reviewing all questions of law and fact*, such review being conducted in accordance with the Colorado rules of civil procedure. The taxpayer shall present his case in the same manner as the plaintiff in other civil actions and the normal rules of evidence shall apply. The taxpayer shall have the burden of proof with respect to the issues raised in the notice of appeal except as to the issue of whether the taxpayer has been guilty of fraud with intent to evade tax.... The district court may affirm, modify, or reverse the determination of the executive director and may enter judgment on its findings." (emphasis added)

A trial *de novo* is commonly understood as a trial anew of the entire controversy, including the hearing of evidence as though no previous action had been taken. *Turner v. Rossmiller*, 35 Colo.App. 329, 532 P.2d 751 (1975).

Although the trial court did not issue a written opinion when granting the motion for partial summary judgment, which bound the department to the findings of fact contained in the final determination, it apparently relied on the taxpayer's arguments in doing so. Those arguments, in essence, are that: first, since it is only the taxpayer who has the statutory right to appeal a final determination by the department, the taxpayer may select the issues

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

for the trial *de novo;* and second, that there is case law holding that the department is bound by its earlier findings of fact.

Regarding the first argument, the taxpayer correctly cites § 39–21–105(1), C.R.S. (1982 Repl. Vol. 16B) when noting that only the taxpayer may appeal a final determination. From that premise, the taxpayer argues that this means that only those issues raised by the taxpayer in the district court are subject to review. Here, since the taxpayer did not challenge the findings of fact contained in the final determination, it claims that the trial court must be bound by those findings. We do not agree with this reasoning. Instead, we view the language of § 39–21–105(2)(b) requiring a trial *de novo* "reviewing all issues of law and fact" to mean that the trial court must make new findings of fact and conclusions of law, independent of those in the department's final determination.

We also do not agree with the taxpayer's other argument—that case law requires that the department be bound by its earlier findings of fact. Contrary to the taxpayer's assertions, the two cases it cites, *Dye Construction Co. v. Dolan,* 41 Colo.App. 293, 589 P.2d 497 (1978), and *California Co. v. Colorado,* 141 Colo. 288, 348 P.2d 382 (1959) are not dispositive.

In *Dye,* this court held that, when a trial court judgment in favor of a taxpayer at a trial *de novo* was reversed and the matter remanded, the department could not retract a waiver of the penalty and penalty interest that had been granted at a departmental hearing. The court said:

"It was held in *California Co. v. Colorado,* 141 Colo. 288, 348 P.2d 382 (1959), that since the tax code creates administrative machinery for determining tax liability, and since the only available remedy is that provided for the taxpayer, *see* § 39–21–105, C.R.S.1973, the decision of the Director is final against the state. Thus, the Director's waiver of penalty and penalty interest is binding on the Department."

In *California Co.,* the court reversed an order by the trial court for an accounting of the amount of taxes due because the department had already determined the tax liability. The court said: "Apparently the decision of the Director of Revenue is final against the State, for 138–1–36 makes available only the remedy to be pursued in the event the taxpayer is dissatisfied with the Director's decision."

However, a trial *de novo* must be conducted "as though no previous action had been taken." *Spano v. Western Fruit Growers,* 83 F.2d 150 (10th Cir.1936). Hence, it is "immaterial what the findings of the [director] are." *Pittsburg S.S. Co. v. Brown,* 171 F.2d 175 (7th Cir.1948).

## II.

We also conclude that entry of summary judgment for the taxpayer was improper.

A summary judgment is appropriate only if there are no genuine issues of material fact, and only questions of law remain. *Abrahamsen v. Mountain States Telephone & Telegraph Co.,* 177 Colo. 422, 494 P.2d 1287 (1972). Such was not the case here.

The trial court's reliance on the facts stipulated at the administrative hearing was erroneous for two reasons. First, the stipulation specifically provided that the agreements therein were "for the purposes of administrative hearing only." Second, since the trial *de novo* is conducted as though no other proceeding had occurred, *Turner v. Rossmiller, supra,* all parties must produce their evidence at the trial, and cannot rely on a previous record to prove the factual issues.

Accordingly, the trial court erred in entering summary judgment for the taxpayer since, by so doing, it prevented the Department of Revenue from presenting evidence on the material issues of fact that were to be addressed in the trial *de novo.*

## III.

Because we hold that the trial court must conduct a trial *de novo* that includes the determination of all issues of fact and

questions of law, without regard to those in the final determination, we conclude that addressing any substantive issues regarding the tax liability of the taxpayer would be premature.

The judgments are reversed and the cause is remanded for further proceedings in conformity with this opinion.

PIERCE and PLANK, JJ., concur.