Curtis A. BROWN, Sr., Plaintiff–Appellant and Cross–Appellee,

v.

DENVER SYMPHONY ASSOCIATION, a Colorado non-profit corporation, Defendant–Appellee and Cross–Appellant.

No. 87CA1365.

Colorado Court of Appeals,
Div. IV.

Aug. 10, 1989.

As Modified on Denial of Rehearing
May 3, 1990.

Patricia A. Coan, P.C., Patricia A. Coan, Denver, for plaintiff-appellant and cross-appellee.

Sherman & Howard, Mark L. Fulford and Susan K. Grebeldinger, Denver, for defendant-appellee and cross-appellant.

Opinion by Judge DUBOFSKY.

Curtis A. Brown brought this action against defendant, Denver Symphony Association (DSA), for breach of contract and for violation of 29 U.S.C. § 621, et seq. (1982), Age Discrimination In Employment Act (ADEA). After a jury trial, Brown prevailed on his breach of contract claim and DSA prevailed on the ADEA claim. Brown appeals the instructions under the ADEA claim, and the DSA cross-appeals the damage award under the contract claim. We reverse the ADEA judgment and affirm the judgment for Brown on the breach of contract claim.

Brown was employed by DSA as a stage manager from 1973 until February 10, 1986. At the time Brown was fired, he was under a contract with a termination date of May 31, 1986. Brown's management duties included supervision of stage hands and administration of the collective bargaining agreement. DSA's evidence indicated that it fired Brown because of gross insubordination. DSA's dissatisfaction with his job performance focused primarily upon his assistance to the union in a dispute concerning whether the collective bargaining agreement included complimentary breakfasts.

Brown maintains that he was fired because of his age (54) and relies, in part, upon several statements made by his immediate supervisor indicating that Brown was too old for the job.

## I.

Brown objected to three of the primary instructions given by the court to cover the ADEA claim. DSA also objected to two of these instructions. We conclude that the

ADEA instructions as given did not properly state the law and were also inconsistent with each other. For these reasons, we reverse.

■ To present a prima facie basis for recovery in an ADEA disparate treatment case, a plaintiff must establish: (1) that he was within the protected age group, that is over 40 years of age; (2) that he was doing satisfactory work; (3) that he was discharged despite the adequacy of his work; and (4) that his position was filled by a younger employee. *See Schwager v. Sun Oil Co.*, 591 F.2d 58 (10th Cir.1979).

Plaintiff presented evidence in support of each of these elements. Thus, the issue is what evidentiary response was required of defendant and what instructions were appropriate under the evidence presented.

The springboard cases for both the proper jury instructions and the methods of presenting racial, sex, and age discrimination cases are *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) and *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). *See Loeb v. Textron, Inc.*, 600 F.2d 1003 (1st Cir.1979) (procedural principles of race and sex discrimination cases applicable to cases under the ADEA).

The plaintiff has the burden of proving a prima facie case of discrimination by a preponderance of the evidence. The establishment of the prima facie case creates a presumption that the employer unlawfully discriminated against the employee. If the trier of fact believes the evidence establishes a prima facie case and if the employer is silent in the face of the presumption, the finder of fact must enter judgment for the plaintiff. Therefore, the defendant's burden is to rebut the presumption of discrimination by producing evidence that the plaintiff was fired for a legitimate non-discriminatory purpose. The employer's intent is critical in determining its purpose. *Texas Department of Community Affairs v. Burdine, supra. See also McDonnell Douglas Corp. v. Green, supra.*

Within the spectrum of federal statutory discrimination based cases, including ADEA cases, there is a category referred to as "mixed motive" cases. Typically, a mixed motive case is one in which both legal and illegal motives and factors underlie an employer's decision that adversely impacts the employee. *See Price Waterhouse v. Hopkins,* —— U.S. ——, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989).

■ When an employer allows age discrimination to influence its decision to terminate or otherwise adversely affect an employee, it must then bear the burden of justifying its ultimate decision. Thus, the employer must show that its legitimate reason, standing alone, would have induced it to make the same decision. *Price Waterhouse v. Hopkins, supra.*

In a mixed motive case it is appropriate to shift the burden of proof to the defendant because:

> "[t]he employer is a wrongdoer; he has acted out of a motive that is declared illegitimate by the statute. It is fair that he bear the risk that the influence of legal and illegal motives cannot be separated, because he knowingly created the risk and because the risk was created not by innocent activity but by his own wrong doing."

*NLRB v. Transportation Management Corp.*, 462 U.S. 393, 103 S.Ct. 2469, 76 L.Ed.2d 667 (1983).

■ From the record here, there was evidence that plaintiff was discharged because of both age and insubordination, but the jury was not properly instructed on this issue. *See Price Waterhouse v. Hopkins, supra.* Hence, the judgment must be reversed, and at retrial, if DSA presents evidence of mixed motivation for the firing, the jury should be instructed that DSA must prove by a preponderance of the evidence that it would have made the same decision to fire Brown absent the discriminatory factor of age. *See Price Waterhouse v. Hopkins, supra; CJI–Civ. 3:5A* (1988).

■ We specially disapprove the court's instruction which provides in pertinent part:

"In order to find for the plaintiff you *must* decide that defendants' reasons for plaintiff's discharge were not the real reasons, but only a pretext and excuse for discrimination." (emphasis added)

This instruction, which required the plaintiff to prove that the defendant's stated reasons for the discharge were a pretext, misstates the law. A plaintiff can also prevail if the reasons offered by the employer are legitimate but age discrimination was also a substantial factor in plaintiff's loss of his employment.

The jury instructions given here were erroneous under either the *Price Waterhouse v. Hopkins* legal standards or those stated in *Texas Department of Community Affairs v. Burdine* and *McDonnell Douglas Corp. v. Green.*

Under the later standards these instructions were erroneous, in part, because plaintiff was required to prove that the only reason for his discharge was age discrimination. That instruction is incorrect because under the *Texas Department of Community Affairs v. Burdine,* and *McDonnell Douglas Corp. v. Green* standards the illicit reasons of age discrimination need only be a substantial factor in causing the termination. *Cooper v. Asplundh Tree Expert Co.,* 836 F.2d 1544 (10th Cir.1988).

We note that the trial court did not have the benefit of the *Price Waterhouse v. Hopkins* decision; and because the law in this area is unsettled, it is difficult for a trial judge properly to instruct a jury. *See Price Waterhouse v. Hopkins, supra.* (Kennedy, J., dissenting). Nevertheless, because the primary ADEA instructions misstated the law and were inconsistent, we reverse the judgment under the ADEA claim and remand for a new trial. *See Eby v. People,* 63 Colo. 276, 165 P. 765 (1917).

## II.

On cross-appeal, DSA claims the trial court erred when it refused DSA's jury instruction referring to its right under the National Labor Relations Act to fire a supervisor for union activity. We disagree.

The record demonstrates this case was not tried on this theory, and there was insufficient evidence to support the instruction. Accordingly, the trial court correctly refused it. *See Phillips v. Monarch Recreation Corp.,* 668 P.2d 982 (Colo.App.1983).

## III.

DSA cross-appeals the damage part of the breach of contract claim. The jury verdict stated "lost wages and fringes—$12,664.34 less amount earned—$6,970.00. Net damages $5,694.34." DSA agrees that the setoff amount of earned income was proper since the jury considered items other than severance pay. It claims, however, that severance paid by DSA to Brown in the amount of $6,600 should have been setoff, resulting in a $1.00 award of nominal damages.

The trial court, in denying DSA's motion to "correct" the jury verdict, noted that the form used by the jury did not include questions concerning each part of the computation. The trial court further found that, since trial testimony indicated Brown's lost wages were more than $12,664.34, the jury could well have reduced that total by the severance pay amount. Since there is evidence in the record to support the trial court's finding, that determination will be upheld on appeal. *Thomas v. Bove,* 687 P.2d 534 (Colo.App.1984).

The judgment on the ADEA claim is reversed, and the cause is remanded for further proceedings on that claim. The breach of contract judgment is affirmed.

PLANK and REED, JJ., concur.