**ARAPAHOE PARTNERSHIP, a Colorado Partnership, Plaintiff–Appellant,**

**v.**

**The BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF ARAPAHOE, as the County Board of Equalization, Betty Ann Dittemore, Thomas R. Eggert and Bob Brooks, as Members of the Board of County Commissioners of the County of Arapahoe and of the County Board of Equalization, and Joseph Marceny, as the Assessor of the County of Arapahoe, Defendants–Appellees.**

**No. 89CA1362.**

Colorado Court of Appeals, Div. V.

Nov. 23, 1990.

Rehearing Denied Dec. 27, 1990.

Certiorari Denied July 29, 1991.

Tallmadge, Tallmadge, Wallace & Hahn, P.C., David J. Hahn, John W. Smith, III, Cynthia A. Calkins, Denver, for plaintiff-appellant.

Peter Lawrence Vana, III, County Atty., Richard F. Mutzebaugh, Sp. Asst. County Atty., Littleton, for defendants-appellees.

Opinion by Judge JONES.

Plaintiff, Arapahoe Partnership, appeals a district court judgment determining that plaintiff's land was not a "farm" within the meaning of § 39–1–102(3.5), C.R.S. (1990 Cum.Supp.) and, thus, was not "agricultural land" for the purposes of assessment for the 1988 tax year. We affirm.

The Arapahoe County Assessor determined that the plaintiff's property did not qualify as "agricultural land." The Asses-

sor's determination was upheld by the Arapahoe County Board of Equalization, which denied plaintiff's appeal. Plaintiff then appealed directly to the district court for a trial *de novo* on the issue of the assessed valuation of its land, pursuant to § 39–8–108(1), C.R.S. (1990 Cum.Supp.).

After the presentation of evidence, the trial court found that "the primary purpose of Bowers' use of the subject property is not for farming to obtain a profit...." The trial court then concluded that the property did not meet the definition of "agricultural land" under Colo.Sess. Laws 1983, ch. 426, § 39–1–102(1.6)(a) at 1486–1487 (amended and now codified at § 39–1–102(1.6)(a)(I), C.R.S. (1990 Cum. Supp.)). This appeal followed.

I.

Plaintiff first contends that this court's review must be of a trial *de novo* in the district court and the record of that proceeding, and not a judicial review of the record of the proceedings of the County Board of Equalization as the defendants assert. We agree with plaintiff.

Trial was held on June 8, 1989, before the district court pursuant to § 39–8–108(1), C.R.S. (1990 Cum.Supp.) as a trial *de novo*. A trial *de novo* is commonly understood as a trial anew of the entire controversy, including the consideration of evidence as though no previous action had been taken. *Turner v. Rossmiller*, 35 Colo.App. 329, 532 P.2d 751 (1975).

However, statutes similar to § 39–8–108(1) in foreign jurisdictions anticipate a trial *de novo* to be a proceeding in which the trial court must determine, in way of review, whether the decision of the administrative agency is supported by substantial evidence. *Hawkins v. Texas Co.*, 146 Tex. 511, 209 S.W.2d 338 (1948). Other jurisdictions interpret their subject statute as calling for review by trial *de novo* but along traditional lines of "judicial review," whereby the reviewing court must determine whether, on the facts proven at trial, the administrative agency below acted arbitrarily, capriciously or abused its discre-

768

tion, or otherwise acted outside of its lawful jurisdiction. *See L.L. Sheep Co. v. Potter,* 67 Wyo. 348, 224 P.2d 496 (1950) (trial *de novo* concerning review of decision by Board of Land Commissioners is limited to a decision whether, on the facts proven, there was an illegal exercise of the Board's discretion, a case of fraud, or a grave abuse of discretion.)

■ Upon consideration of § 39–8–108(1), we conclude that, in calling for trial *de novo* without limitation, the General Assembly intended that the process of "appeal" lose its character as a review and be considered the same as though it were an original proceeding, with the reviewing court making an entirely independent determination. *See Herzberg v. State ex rel. Humphrey,* 20 Ariz.App. 428, 513 P.2d 966 (1973). Furthermore, we conclude that taxpayers protesting a tax assessment in the trial *de novo* must prove by a preponderance of the evidence that the assessment is incorrect. *See County Board of Equalization v. Board of Assessment Appeals,* 743 P.2d 444 (Colo.App. 1987); § 13–25–127(1), C.R.S. (1987 Repl. Vol. 6A).

Thereafter, review by this court will be based on the findings by the trial court which, if supported by the record, will not be disturbed. *Thomas v. Bove,* 687 P.2d 534 (Colo.App.1984).

## II.

■ Plaintiff next contends that the trial court erred in concluding that the property was not "agricultural land." We disagree.

Colo.Sess. Laws 1983, ch. 426, § 39–1–102(1.6)(a) at 1486–1487, in pertinent part, defines "agricultural land" as "a parcel of land which was used the previous two years and presently is used as a farm ... as defined in [subsection] (3.5) ... of this section...." Subsection 3.5 defines a "farm" as "a parcel of land which is used to produce agricultural products that originate from the land's productivity for the primary purpose of obtaining a monetary profit."

When, as here, the statutory language is plain and its meaning clear, it must be applied as written. *See Heagney v. Schneider,* 677 P.2d 446 (Colo.App.1984).

Here, the trial court concluded that the property was not "agricultural land" because the primary purpose of Bowers' use of the subject property during the three years in question was not for farming with the intent to obtain a profit and that plaintiff failed to meet its burden. We conclude that the findings and conclusions of the trial court are supported by substantial evidence in the record. Accordingly, those findings and conclusions will not be disturbed on appeal. *Adler v. Adler,* 167 Colo. 145, 445 P.2d 906 (1968).

The judgment is affirmed.

HUME and REED, JJ., concur.