B.C., LIMITED, Office One, Ltd., Barry Cunningham, Frontier, Ltd., Drake Associates, Ltd., Donald Y. Beard, Wilbert L. Beyer, Reid Burton, Erma Burton, Helen Burton, Robert H. Busch, Jean L. Busch, Melanie F. Chamberlain, Dwight S. Miller, Linway & Co., Robert S. Galyardt, Elaine E. Huggler, R.N. Humphrey, Ralph W. Jordan, Mary Ann Jordan, Blanche Magnuson, A.E. March, Jr., Mary McLaughlin, Cecilia Meyer, Herbert W. Still, Mildred L. Still, Jimmy N. Phillips, Barbara J. Phillips, Robert L. Speer, C. Berniece Asel, Robert P. Asel, Robert N. Humphrey, M.D., P.C. Pension Trust, Fred N. Still, Brenda G. Still, First Fort Collins & Co., John W. Still, Cordelia P. Still, Teresa Woodard, Charles A. Musgrove, Robert N. Humphrey, M.D., P.C. Profit Sharing, Anna B. Patrick, Charles W. Warren, Barbara Sparks, and Financial Plaza, Ltd., Plaintiffs–Appellants,

v.

Ken KRINHOP, Deceased, as Assessor for the County of Larimer, State of Colorado, or Ron Kerr, as Acting Assessor for the County of Larimer, State of Colorado, or Stephen Allan Miller, as Successor Assessor for the County of Larimer, State of Colorado, Defendants–Appellees.

No. 90CA0005.

Colorado Court of Appeals, Div. IV.

July 18, 1991.

March & Myatt, P.C., J. Brad March, Fort Collins, for plaintiffs-appellants.

Stuart A. VanMeveren, Dist. Atty., Loren B. Schall, Asst. Dist. Atty., Fort Collins, for defendants-appellees.

Opinion by Judge HUME.

Plaintiffs appeal a judgment that dismissed each of their respective complaints seeking trials *de novo* as to valuations for assessment of real property made by the Larimer County Assessor and which were either confirmed or adjusted by the Larimer County Board of Equalization (BOE). We reverse and remand with directions.

The assessor issued notices of increased valuation for assessment for tax year 1989 on various parcels of real property owned by plaintiffs in Larimer County. Following the assessor's denial of their respective protests, plaintiffs filed petitions for appeal of those valuations before the BOE. After conducting hearings, the BOE denied each of the respective petitions, in whole or in part.

Thereafter, plaintiffs filed eight individual complaints seeking trials *de novo* in the district court as to the valuation for assessment of their respective properties. Each complaint named the deceased assessor, the acting assessor, and the successor assessor as defendants. The BOE was not named as a party defendant in any of the eight actions.

The successor assessor moved to dismiss each of the eight complaints because plaintiffs had failed to join the BOE as a necessary party-defendant.

After consolidating the actions, the trial court granted the motions, thereby dismissing each action with prejudice, and entered judgment accordingly. Plaintiffs appeal from that consolidated judgment.

Plaintiffs' actions were commenced pursuant to § 39-8-108(1), C.R.S. (1990 Cum. Supp.), which provides alternative procedures for review of valuations for assessment as confirmed or adjusted by a county board of equalization. Those alternatives include an appeal to the state board of assessment appeals, a trial *de novo* in the district court where the property is situated, or submission to arbitration as provided by § 39-8-108.5, C.R.S. (1990 Cum. Supp.). This amended statute abolished the previous right of judicial record review of BOE decisions pursuant to § 24-4-106, C.R.S. (1988 Repl.Vol. 10A) and provides, instead, for a trial *de novo*.

In dismissing plaintiffs' actions, the trial court relied upon our decision in *Cissell v. State Board of Assessment Appeals*, 38 Colo.App. 560, 564 P.2d 124 (1977). That decision involved an action for review under § 24-4-106(4), C.R.S., which then required the timely joinder of all necessary parties within the statutory time period as a prerequisite to "perfecting" a proper appeal.

Initially, we note that § 24-4-106, C.R.S., was amended after the announcement of the *Cissell* decision by addition of the following language:

"An action shall not be dismissed for failure to join an indispensable party until an opportunity has been afforded to an affected party to bring the indispensable party into the action."

*See* Colo.Sess.Laws 1981, ch. 276, § 24-4-106(4) at 1134. Thus, under the current version of the statute, non-joinder of indispensable parties no longer requires summary dismissal of actions for review.

More importantly, § 24-4-106 is no longer the controlling procedural statute under § 39-8-108(1), which now provides for a trial *de novo* instead of a review of the record made before the BOE as provided for by the Administrative Procedures Act. *See* 24-4-106(6), C.R.S. (1988 Repl.Vol. 10A). Thus, while § 39-8-108(1) requires that an action for trial *de novo* be commenced within 30 days after the date of

mailing of the BOE's denial of a petition for appeal, the statute is silent as to the matter of joinder of proper, necessary, or indispensable parties to *de novo* proceedings.

█ A trial *de novo* is commonly understood as a new trial of an entire controversy, and it includes the taking of evidence as if there had been no previous action. *Turner v. Rossmiller*, 35 Colo.App. 329, 532 P.2d 751 (1975). *See also M & J Leasing Co. v. Executive Director of Department of Revenue*, 796 P.2d 28 (Colo.App. 1990). Thus, *de novo* proceedings ordinarily afford the same parties an opportunity to try a controversy anew and to present such evidence as could have been presented in the initial forum. *See Estes v. Denver & Rio Grande R.R. Co.*, 49 Colo. 378, 113 P. 1005 (1911); *Arapahoe Partnership v. Board of County Commissioners*, 813 P.2d 766 (Colo.App.1990).

█ Here, the assessor and his successors in office, having been necessary and proper parties to the proceedings before the BOE, *see* § 39–8–107(1), C.R.S. (1990 Cum.Supp.), were also proper parties to the trial *de novo* in district court. Indeed, the bulk of the government's evidence at the *de novo* hearings will likely be presented by or through the assessor.

Hence, we conclude that plaintiffs commenced their actions in a timely fashion by joining the same party-opponents who had been involved in proceedings before the BOE. *See Estes v. Denver & Rio Grande R.R. Co., supra.*

█ Defendants contend that, even if the action was timely commenced, the dismissal was nevertheless proper because plaintiffs did not join the BOE. We agree that the BOE was a necessary party to the *de novo* proceedings, but disagree that dismissal was the proper remedy for its nonjoinder.

County boards of equalization are constitutionally mandated governmental entities vested with authority to raise, lower, adjust, and equalize valuations for assessment of taxes at the county level. Colo. Const. art. X, § 15. A denial by the BOE of a petition for appeal from a valuation for assessment is a necessary prerequisite to a trial *de novo* or any other procedural form of review. *See* § 39–8–108(1), C.R.S. (1990 Cum.Supp.). And, it is the BOE's decision, subject to modification by appropriate appeal or review procedures, that finally determines the valuation of property for assessment and taxation.

District courts have not been accorded any independent constitutional authority to assess, raise, lower, adjust, or equalize valuations for assessment of taxes. Because a court's judgment in *de novo* proceedings may affect the action of a board of equalization in the exercise of its constitutional duties, the board must be joined in order to protect its constitutionally conferred interests, to afford complete relief among all affected or interested persons or entities, and to assure the adequacy of the court's judgment.

In the absence of a controlling statute governing joinder of parties pursuant to § 39–8–108, we must look to applicable rules of civil procedure for guidance. *See Spahn v. State Department of Personnel*, 44 Colo.App. 446, 615 P.2d 66 (1980). *See also* C.R.C.P. 1 and C.R.C.P. 81.

A person or entity whose presence is necessary to assure complete relief or to protect a legally cognizable interest at stake in an action must be joined as a party thereto. C.R.C.P. 19(a); *Hidden Lake Development Co. v. District Court*, 183 Colo. 168, 515 P.2d 632 (1973). However, misjoinder or non-joinder of parties is not grounds for dismissal of an action under C.R.C.P. 21.

Dismissal is an appropriate remedy only if a necessary party cannot feasibly be joined and no adequate and legally permissible relief can be fashioned in that party's absence, thus making the absent and unavailable party indispensable to the determination of the issues in controversy. C.R.C.P. 19(b).

█ If there has been a failure to join a necessary party, the court should not dismiss the action, but rather should join that necessary party or allow plaintiff an oppor-

tunity to do so. *See McIntosh v. Romero*, 32 Colo.App. 435, 513 P.2d 239 (1973).

 Here, since the BOE's joinder was not determined to be unfeasible, the court erred in dismissing plaintiffs' actions, rather than taking appropriate steps to secure its joinder.

The judgment is reversed, and the cause is remanded with directions for reinstatement of plaintiffs' complaints and for joinder of the BOE as an additional party defendant in each of the *de novo* proceedings.

REED and ROTHENBERG, JJ., concur.