Denise L. CRUZ–CESARIO,
Plaintiff–Appellant,

v.

**DON CARLOS MEXICAN FOODS,**
Defendant–Appellee.

No. 04CA1272.

Colorado Court of Appeals,
Div. III.

Sept. 22, 2005.

Koncilja & Koncilja, P.C., Lawrence D. Saunders, Pueblo, Colorado, for Plaintiff–Appellant.

Clifton, Hook & Bovarnick, P.C., Cheryl A. Martin, Denver, Colorado, for Defendant–Appellee.

HUME *, J.

In this declaratory judgment action concerning the validity of a workers' compensation rule, plaintiff, Denise L. Cruz–Cesario (employee), appeals the district court's judgment dismissing her complaint against defendant, Don Carlos Mexican Foods (employer). The dismissal was based on employee's failure to join the Director of the Division of Workers' Compensation as an indispensable party. We reverse and remand for further proceedings.

Employee was injured while working for employer and filed a claim for workers' compensation benefits. After employer filed a final admission of liability, the workers' compensation claim was closed.

Alleging that her condition worsened, employee filed a petition to reopen her workers' compensation claim pursuant to § 8–43–303, C.R.S.2005, of the Workers' Compensation Act (Act). Employer filed a motion to strike the petition because a medical report was not attached as required by Department of Labor and Employment Rule X(B)(2), 7 Code Colo. Regs. 1101–3. The administrative law judge (ALJ) denied the motion to strike, but determined that employee could not apply for a hearing on the petition to reopen until she obtained a medical report or a declaratory judgment that she need not obtain a report.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2005.

Employee then filed this action in district court for a judgment declaring that Rule X(B)(2) is void because it violates § 8–43–303. Employee also alleged that the rule violated her right to equal protection and substantive due process because she is financially unable to obtain a medical report to attach to her petition to reopen.

Employer filed a motion to dismiss the district court action pursuant to C.R.C.P. 12(b) alleging, inter alia, that employee failed to join the Director of the Division of Workers' Compensation (director) as an indispensable party under C.R.C.P. 19. The court granted the motion. In a separate order, the court later clarified that the dismissal was with prejudice.

## I.

■ Employee first contends that the district court erred in finding that the director is an indispensable party. We disagree.

Pursuant to C.R.C.P. 19(a), a person or entity whose presence is necessary to assure complete relief or to protect a legally cognizable interest at stake in an action must be joined as a party thereto. *Hidden Lake Dev. Co. v. Dist. Court*, 183 Colo. 168, 515 P.2d 632 (1973).

■ The test for determining indispensability under C.R.C.P. 19 is whether the absent person's interest in the subject matter of the litigation is such that no decree can be entered in the case which will do justice between the parties actually before the court without injuriously affecting the right of such absent person. *Woodco v. Lindahl*, 152 Colo. 49, 380 P.2d 234 (1963); *Prutch Bros. Television & Music Sys., Inc. v. Crow Watson No. 8*, 732 P.2d 241 (Colo.App.1986).

Under C.R.C.P. 19(b), factors to consider in determining whether a person is an indispensable party include: (1) the extent to which a judgment rendered in the person's absence might be prejudicial to the person or to those already parties; (2) the extent to which prejudice can be lessened or avoided by protective provisions in the judgment, by the shaping of relief, or by other measures; (3) whether a judgment rendered in the person's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoin-

der. *Balkind v. Telluride Mountain Title Co.*, 8 P.3d 581 (Colo.App.2000).

■ Whether a party is indispensable and must be joined is a mixed question of law and fact and must be determined on the facts of each case. *Friends of Black Forest Reg'l Park, Inc. v. Bd. of County Comm'rs*, 80 P.3d 871 (Colo.App.2003).

Our courts have not previously determined whether the director of a state departmental agency is an indispensable party to an action brought in district court challenging the constitutionality of a statute governing the agency. However, we note that the director has participated in such workers' compensation cases. *See Whiteside v. Smith*, 67 P.3d 1240 (Colo.2003)(§ 1983 class action); *Colo. AFL–CIO v. Donlon*, 914 P.2d 396 (Colo.App.1995)(declaratory judgment).

In contrast, the director is not named in direct appeals of administrative action taken in workers' compensation cases, even where this court, in the first instance, considers a constitutional challenge to the Act. *See Culver v. Ace Elec.*, 971 P.2d 641 (Colo. 1999)(equal protection challenge to offset provision); *Dee Enters. v. Indus. Claim Appeals Office*, 89 P.3d 430 (Colo.App.2003)(constitutional challenge based on separation of powers doctrine); *Torres v. Canam Indus., Inc.*, 942 P.2d 1384 (Colo.App.1997)(equal protection challenge by minor claimants); *Celebrity Custom Builders v. Indus. Claim Appeals Office*, 916 P.2d 539 (Colo.App. 1995)(in direct review of agency action, court of appeals has initial jurisdiction to review actions when the constitutionality of a statute is at issue).

■ The director must be named as an indispensable party only when the appeal involves a statutory duty of the director that concerns a mandatory exercise of discretion. *See Newman v. McKinley Oil Field Serv.*, 696 P.2d 238, 240 n. 4 (Colo.1984); *Matthews v. Indus. Comm'n*, 44 Colo.App. 159, 609 P.2d 1127 (1980)(director of the Division of Labor, now the Division of Workers' Compensation, is not an indispensable party to direct agency review). Common sense dictates that there is no need for the director's participation in direct appeals of agency ac-

tion concerning workers' compensation claims because the director has no discretionary involvement in most such claims. Instead, the Industrial Claim Appeals Office (Panel) is named as a party in such cases. Section 8–43–307(1), C.R.S.2005; *see, e.g., Dee Enters. v. Indus. Claim Appeals Office, supra.* Therefore, in the event that a constitutional challenge is made on direct appeal, the Panel can protect the interests of the Division of Workers' Compensation by making any necessary legal arguments concerning the constitutional issue.

However, when a district court action involves the constitutionality of the Act or the rules, the director's joinder is necessary because the director is the very party charged with promulgating those rules and administering the Act. *See Pena v. Indus. Claim Appeals Office,* 117 P.3d 84 (Colo.App. 2004)(§ 8–47–107, C.R.S.2005, grants the director power to adopt reasonable rules and regulations to administer the Act). Thus, the director will be the person or entity charged with administering the program in such cases, which militates in favor of joining him or her as an indispensable party. *See Balkind v. Telluride Mountain Title Co., supra.*

Accordingly, the court here did not err in concluding that the director was an indispensable party. This is especially true in this case because the ALJ conditioned a hearing on the petition to reopen on, inter alia, declaratory relief. Thus, employee will not have an adequate remedy if the action is dismissed for nonjoinder. *See Balkind v. Telluride Mountain Title Co., supra.*

## II.

■ Employee also contends that the district court erred in failing to give her the opportunity to join the director once the court determined that the director was an indispensable party. We agree with this contention.

■ The failure to join an indispensable party to judicial proceedings may, in some instances, result in dismissal of the action. *Newman v. McKinley Oil Field Serv., supra; see Lyon v. Amoco Prod. Co.,* 923 P.2d 350 (Colo.App.1996)(trial court did not abuse its discretion in dismissing claims on basis that tribe was necessary and indispensable party

which could not be involuntarily joined); *Smith v. El Paso County,* 42 Colo.App. 316, 593 P.2d 979 (1979)(failure to join indispensable parties within statutory time limit specific to C.R.C.P. 106 action is a jurisdictional defect requiring dismissal of the entire action). However, dismissal is an appropriate remedy only if an indispensable party cannot feasibly be joined. C.R.C.P. 19(b); *B.C., Ltd. v. Krinhop,* 815 P.2d 1016 (Colo.App. 1991).

■ Generally, however, if there has been a failure to join an indispensable party, the court should not dismiss the action, but rather should join that necessary party or allow the plaintiff an opportunity to do so. *B.C., Ltd. v. Krinhop, supra* (where joinder of indispensable party was not determined to be unfeasible, the court erred in dismissing plaintiffs' actions, rather than taking appropriate steps to secure joinder); *McIntosh v. Romero,* 32 Colo.App. 435, 513 P.2d 239 (1973)(instead of dismissing the complaint, the court should have proceeded in accordance with C.R.C.P. 19, joining the insurance company as a party, or it should have allowed plaintiffs the opportunity to amend their complaint).

Here, the district court recognized that the alternative to dismissal was joinder of the director. However, the court determined that dismissal was "more appropriate" because "construction and application of Rule X[ (B)(2) ], and its apparent inconsistencies with C.R.S. [§ ] 8–43–303, [are] best left to resolution pursuant to the statutory review scheme" under the Act. We agree with employee that this reasoning is erroneous.

■ A party may challenge the constitutionality of the Act through a declaratory judgment, and under such circumstances, the district court is the proper forum. *See Arapahoe Roofing & Sheet Metal, Inc. v. City & County of Denver,* 831 P.2d 451 (Colo.1992); *Kinterknecht v. Indus. Comm'n,* 175 Colo. 60, 485 P.2d 721 (1971); *Celebrity Custom Builders v. Indus. Claim Appeals Office, supra.* In addition, because the challenge here is to the statute as applied, an evidentiary record is needed and must be developed in the district court. *See Donn v. Indus. Claim Appeals Office,* 865 P.2d 873 (Colo.App.

1993)(where claimant in direct appeal of agency action argued that the fee required to initiate an M–U–R review had a discriminatory impact on recipients of workers' compensation benefits, court determined that because resolution of issue would require an evidentiary record, challenge must be brought in district court). Here, as in *Donn, supra,* an evidentiary record is needed because the challenge is to the statute as applied.

Furthermore, the court's reliance on employee's failure to file a motion to join is not dispositive, because employee had no particular motivation to file such a motion until the court determined that the director was indispensable.

Accordingly, the court here erred in dismissing the action. On remand, the court shall join the director or allow employee an opportunity to do so. *See B.C., Ltd. v. Krinhop, supra.*

The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

Judge TAUBMAN and Judge CARPARELLI concur.