Robert L. EINARSEN, Harold D. Einarsen, and Charles A. Einarsen, Plaintiffs-Appellees,

v.

CITY OF WHEAT RIDGE, a municipal corporation; City Council of the City of Wheat Ridge; and State of Colorado, Defendants-Appellants.

No. 79CA0257.

Colorado Court of Appeals, Div. I.

Sept. 13, 1979.

As Modified On Denial of Rehearing Oct. 18, 1979.

Certiorari Denied Jan. 7, 1980.

George Alan Holley & Associates, Scott D. Albertson, Golden, for plaintiffs-appellees.

Edmund G. Lambert, City Atty., Thomas J. Hindman, Asst. City Atty., Lakewood, for defendants-appellants.

STERNBERG, Judge.

The defendants appeal a judgment reversing a decision of the Wheat Ridge City Council denying plaintiffs', the Einarsens, application for rezoning. We reverse.

The Einarsens own a tract of land in Wheat Ridge, consisting of approximately 8 acres zoned R-1 and C-1. An application was filed in 1976 requesting a change of zoning to Planned Commercial Development. The planning commission recommended that the rezoning be approved. The planning department of the city recommended denial, and a group of citizens living in the surrounding residential area, through counsel, also opposed the rezoning. The city council denied the application, finding that the proposed change was inconsistent with the city's comprehensive plan which specified low density residential use similar to land use in the surrounding neighborhood. The council also found that development pursuant to the comprehensive plan permitted economic use of the land.

In the ensuing C.R.C.P. 106(a)(4) review, the district court found that statutory noise abatement measures required for residential development were so extensive when applied to this property as to be confiscatory in nature, and that the city council violated Colorado's Public Meetings Law, § 29–9–101, C.R.S.1973, when it held a non-public fact-finding session. The district court therefore reversed the city's decision and ordered approval of the rezoning. Other claims for relief pled in the district court action sounding in inverse condemnation were held in abeyance pending determination of this appeal. See C.R.C.P. 54(b). The city contends in this appeal that its actions were neither an abuse of discretion nor violative of Colorado's Public Meetings Law. We agree.

Initially, we note that the focus of this dispute below centered on Colorado's Noise Abatement Statute, § 25–12–101 et seq., C.R.S.1973. It was assumed by the parties, and the trial court, that this statute precludes residential development when noise emanating *onto* property exceeds limits set forth in § 25–12–103, C.R.S.1973.

■ We do not agree with this interpretation of the statute. By its plain language the act applies to "noise *radiating from* a property line." (emphasis added) Violation of the statutorily proscribed limitations is prima facie evidence of a public nuisance for which an action to abate may be filed. Section 25–12–104, C.R.S.1973. But, nowhere does the statute proscribe residential development of property impacted by excessive noise; thus, the court's finding designating the statute to be confiscatory of these plaintiffs' property is not sustainable. It is not a judicial function to change the plain meaning of words in a statute. *Tompkins v. DeLeon*, Colo., 595 P.2d 242 (1979).

■ The record of proceedings before the city council reveals that sufficient competent evidence was adduced to support the council's decision. While a witness testified that the property could not be developed for residential use without installation of extensive noise abatement barriers and uneconomic changes in construction, his opinion was based upon noise level projections through 1995. Other testimony, however, questioned the basis for this projection, ignoring, as it did, the effect of limitations of availability of fuel supplies in the future. The opinion was given that an eight foot high berm erected on the property would reduce the noise level to acceptable levels for present residential use. Thus, the decision of the council must be upheld. *See Ford Leasing Development Co. v. Board of*

*County Commissioners,* 186 Colo. 418, 528 P.2d 237 (1974); *Famularo v. Board of County Commissioners,* 180 Colo. 333, 505 P.2d 958 (1973).

The Einarsens further contend, and the district court found, that the city council violated Colorado's Public Meetings Law, § 29–9–101, C.R.S.1973. We do not agree.

At the conclusion of the public hearing, after all evidence had been presented, the council "retired into a fact-finding session." After deliberating, the council returned to the public meeting and by a motion containing findings and conclusions denied the application unanimously.

We hold that the Public Meetings Law was not violated by this closed session of the council. There is no indication that the council did anything other than deliberate upon the evidence presented at the public hearing. They took no evidence at the closed session nor did they act upon the application there. All evidence had been presented at the public hearing, and the motion denying the application was adopted at the reconvened public meeting.

The situation here is similar to that encountered in *Robertson v. Board of Education,* Colo.App., 570 P.2d 19 (1977). There the Board of Education convened at a member's home to discuss evidence relative to a teacher's proposed dismissal. In disposing of a contention that the Public Meetings Law had been violated, we stated:

"[R]eview of evidence by the panel required no final policy decision, nor did it involve the adoption or approval of any resolution, rule, ordinance, regulation, or formal action, all of which would be prohibited by the Public Meetings Law. Section 29–9–101, C.R.S.1973. Therefore, permitting a review of the evidence in a closed meeting does not run counter to the Public Meetings Law."

The judgment is reversed and the cause is remanded with directions to dismiss the complaint as to these claims for relief.

RULAND and VAN CISE, JJ., concur.