The GLENWOOD POST, a DIVISION OF STAUFFER COMMUNICATIONS, INC., and Ray Sullivan, Plaintiffs-Appellants,

v.

CITY OF GLENWOOD SPRINGS, a municipal corporation, Carl Schiesser, Dennis Pretti, Mike Deer, Kent Benham, Martha Herzog, Al Maggard and Ross Jeffery, Defendants-Appellees.

No. 85CA0117.

Colorado Court of Appeals, Div. III.

Sept. 4, 1986.

Rehearing Denied Oct. 2, 1986.

Certiorari Denied (Glenwood Post) Jan. 26, 1987.

Cooper & Kelley, P.C., Thomas B. Kelley, Debra Hodgson, Denver, for plaintiffs-appellants.

David W. Broadwell, Glenwood Springs, for defendants-appellees.

Gerald E. Dahl, Denver, for amicus curiae, Colorado Mun. League.

BABCOCK, Judge.

Plaintiffs, the Glenwood Post and Ray Sullivan (the Post), appeal the judgment entered on a limited permanent injunction issued against defendants, City of Glenwood Springs, Carl Schiesser, Dennis Pretti, Mike Deer, Kent Benham, Martha Herzog, Al Maggard, and Ross Jeffery (city council). We affirm.

The sole issue raised on appeal is whether a home rule city, which has a charter provision requiring "all regular and special meetings of the [city] council" to be "open to the public," may deliberate regarding the appointment of a city attorney in a closed executive session, held during the course of a public meeting, where the executive session is authorized by a duly enacted ordinance. We answer in the affirmative.

Glenwood Springs is a home rule city chartered under Colo. Const. art. XX. Its charter, adopted in 1966, describes regular

and special meetings of the city council and states that both shall be open to the public. A duly enacted ordinance restates the requirement that all regular and special meetings of the city council be open to the public, but it also provides for closed executive sessions, provided they are held only during regular and special meetings and only for the purpose of deliberating on a limited number of specified matters. Consideration of the appointment of a city attorney is one of the listed matters permitting a closed executive session. Further, the ordinance provides that "no final policy decision, resolution, rule, regulation, formal action or any action approving a contract or calling for the payment of money, shall be adopted or approved at any executive session." It is undisputed that the city council has held executive sessions since the adoption of the city charter.

In 1984, Glenwood Springs advertised for a new city attorney and scheduled a meeting for the consideration of all applications. The city council intended to consider the applications in a closed executive session in accordance with its authority under the ordinance. The Post sought an injunction preventing the city council from deliberating on the applications in private.

After a hearing, the trial court granted a limited permanent injunction. The injunction provided that: (1) the city council had to receive any applications, and any other information to be considered, in an open meeting with any documents received for consideration opened for public inspection; (2) the city council could deliberate in closed executive session provided that no tentative vote or "straw poll" was taken or any commitment respecting a vote was made by any member; and (3) any vote or official action had to be taken at an open meeting with members expressing the reasons for their vote insofar as a reason was expressed during the executive session.

On appeal, the Post argues that the trial court erred in ruling that the city council could deliberate in executive session. It asserts that closed executive sessions violate the charter's statement that all meetings be open to the public. We disagree.

As a home rule city, Glenwood Springs may enact its own rules regarding meetings of the city council. *See Gosliner v. Denver Election Commission,* 191 Colo. 328, 552 P.2d 1010 (1976). The charter is effectively Glenwood Springs' constitution, and ordinances may not conflict with the charter. *See Flanders v. Pueblo,* 114 Colo. 1, 160 P.2d 980 (1945); *Turner v. Rossmiller,* 35 Colo.App. 329, 532 P.2d 751 (1975).

In interpreting a charter provision, a court must construe it according to its plain meaning. *See Turner v. Rossmiller, supra.* However, if the meaning or scope of a word used in a charter provision is susceptible to different interpretations, the interpretation given to it by the city is persuasive. *See Mile High Enterprises, Inc. v. Dee,* 192 Colo. 326, 558 P.2d 568 (1977).

Here, the charter provides that all "meetings" of the city council must be public, and it further provides for two types of meetings: regular and special. The charter does not prohibit closed executive sessions, and Glenwood Springs has consistently interpreted the charter to allow executive sessions. This interpretation is consistent with, and analogous to, interpretations given to the Colorado open meeting law, *see* § 29-9-101, C.R.S. (1977 Repl. Vol. 10), which similarly have allowed closed executive sessions for the limited purpose of deliberations. *See Hudspeth v. Board of County Commissioners,* 667 P.2d 775 (Colo.App.1983).

Moreover, the restrictions placed on the content of executive session deliberations contained in the ordinance and the trial court's injunction order prevent the executive sessions from taking on the character of a "meeting": no new evidence may be considered; no final decision may be reached; no resolution, rule, ordinance, regulation, or formal action may be adopted or approved; and final action must be taken at the subsequently reconvened public meeting, which must include the rea-

sons for each vote, if any. *Cf. Hudspeth v. Board of Education, supra; Einarsen v. City of Wheat Ridge,* 43 Colo.App. 232, 604 P.2d 691 (1979); *Robertson v. Board of Education,* 39 Colo.App. 462, 570 P.2d 19 (1977). Thus, we conclude that there are sufficient safeguards built in to the ordinance to prevent any final action taken at the subsequent public meeting from becoming a mere "rubber stamping" of the executive session. *See Bagby v. School District No. 1,* 186 Colo. 428, 528 P.2d 1299 (1974).

Accordingly, we hold that a closed executive session to deliberate the appointment of a city attorney does not constitute a "meeting" within the contemplation of the charter, and thus, the trial court did not err in ruling that the city council could deliberate in executive session in accordance with the authority granted by the ordinance.

Judgment affirmed.

KELLY and TURSI, JJ., concur.