**Paul D. MAYERLE,**
**Petitioner-Appellant,**

**v.**

**CIVIL SERVICE COMMISSION, In and For the CITY AND COUNTY OF DENVER, and Its Manager of Safety, F. John Simonet, and the Denver Fire Department, and Its Chief, Myrle K. Wise, Respondents-Appellees.**

**No. 86CA0170.**

Colorado Court of Appeals,
Div. II.

May 14, 1987.

Duncan J. Cameron, Denver, for petitioner-appellant.

Stephen H. Kaplan, City Atty., Darlene M. Ebert, Asst. City Atty., Denver, for respondents-appellees.

BABCOCK, Judge.

The Denver Civil Service Commission (Commission) sustained an action by the Denver Manager of Safety dismissing petitioner, Paul D. Mayerle, from his employment with the Denver Fire Department (Department). On review, the district court affirmed that dismissal, and petitioner appeals. We affirm.

Petitioner was dismissed from his position as a firefighter for conduct unbecoming a member of the Department or tending to lower the Department's public esteem after an investigation revealed that he had used controlled substances. On review, the Commission found that he had used marijuana and cocaine at a Department picnic and a union meeting, and it therefore sustained the disciplinary action. Petitioner then sought judicial review pursuant to C.R.C.P. 106(a)(4), and the district court affirmed the Commission.

Petitioner first contends that the Commission's findings that he had used drugs without any findings as to the time and place of use were so vague as to be arbitrary and capricious. We disagree.

The standard of review under C.R.C.P. 106(a)(4) for a final administrative or quasi-judicial action is whether, on the basis of the whole record, there is any competent evidence to support the agency's decision. *Fueston v. City of Colorado Springs,* 713 P.2d 1323 (Colo.App.1985); *Cooper v. Civil Service Commission,* 43 Colo.App. 258, 604 P.2d 1186 (1979). To set aside a decision as arbitrary and capricious, there must be no competent evidence in the record to support it. *Dolan v. Rust,* 195 Colo. 173, 576 P.2d 560 (1978).

Here, competent evidence in the record, including petitioner's own statements, documents his use of illegal drugs and, therefore, supports the Commission's determination that he engaged in conduct unbecoming a member of the Department and tending to lower its public esteem. *See Cain v. Civil Service Commission,* 159 Colo. 360, 411 P.2d 778 (1966). No specific findings as to the time or place of use were required so long as the evidence establishes that it occurred while petitioner was a member of the Department. *See* Denver Fire Department Rules & Regulations, art. III, § 300–6 (members held responsible for conduct at all times); *Cooper v. Civil Service Commission, supra.*

Petitioner next contends that the Commission denied him due process of law by examining the police investigative report on him prior to hearing. We disagree.

The Court of Appeals for the Tenth Circuit, addressing a similar claim in the context of a civil rights action that arose from the dismissal of other Denver firefighters as a result of the same investigation into illegal drug use, determined that the Commission's receipt of an investigative report, even if unauthorized by Denver's City Charter, did not violate due process. *See Mangels v. Pena,* 789 F.2d 836 (10th Cir.1986); *see also Withrow v. Larkin,* 421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d

712 (1975); *cf. Cain v. Civil Service Commission, supra. Mangels* is persuasive here, and accordingly, we find no error.

■ Petitioner also argues that the Commission abused its discretion by not granting him a hearing within 30 days as required by Denver City Charter § C5.73–3(3). However, the transcript of the hearing reveals that counsel for petitioner before the Commission expressly waived the 30–day requirement.

■ Petitioner's argument that the Commission acted arbitrarily and capriciously in rendering its decision five months after the hearing is without merit. *See Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) (nine-month delay by administrative tribunal in issuing decision neither unreasonable nor unconstitutionally lengthy *per se*).

Judgment affirmed.

SMITH and TURSI, JJ., concur.