**Alfred KOGER and Jerome Powell, Plaintiffs–Appellees,**

**v.**

**The CIVIL SERVICE COMMISSION OF the CITY AND COUNTY OF DENVER, and the City and County of Denver, a municipal corporation, Defendants–Appellants,**

**and**

**L. John Simonet and Thomas E. Coogan, Defendants–Appellees.**

No. 86CA0231.

Colorado Court of Appeals, Div. II.

Nov. 25, 1987.

Rehearing Denied Jan. 7, 1988.

Certiorari Denied May 16, 1988.

Dixon and Snow, P.C., Rod W. Snow, Steven Janiszewski, Denver, for plaintiffs-appellees.

Stephen H. Kaplan, City Atty., John R. Palmero, Asst. City Atty., Denver, for defendants-appellants.

Halaby & McCrea, Theordore S. Halaby, Robert M. Liechty, Denver, for defendants-appellees.

STERNBERG, Judge.

The Denver Civil Service Commission appeals a judgment of the district court entered following review under C.R.C.P. 106(a)(4) and the Denver City Charter. The district court modified the Commission's decision concerning the discipline of two police officers. We reverse the district court and reinstate the Commission's order.

This matter concerns the discipline of two police officers who were found to have violated Denver Police Department Rules and Regulations § 131 which prohibits members of the Department from knowingly making false reports, either oral or written; and § 103 thereof which prohibits members of the Department from aiding, abetting, or inciting another in violating the rules, duties, orders, or procedures of the Department. The officers issued false traffic tickets against two other police officers, and involved a civilian in the incident.

Upon investigation of the incident, the officers' immediate supervisors recommended that they be dismissed from the force. The division chief, however, recommended that the officers be punished by a 60-day suspension. Pursuant to the review procedure outlined in the Denver Revised Municipal Code (the Code) § C5.73-4 (1982), the Chief of Police determined that a 60-day suspension was appropriate. The Chief's order for the disciplinary action was approved by the Manager of Safety.

The two officers then appealed to the Commission pursuant to § C5.73-3(1) of the Code. The Commission determined that the incident, although initiated as a prank, had serious overtones, and that the officers' use of a third-party civilian to conceal their handwriting indicated some awareness of the possible consequences of their act. Further, the Commission determined that exposing the civilian to possible felony forgery charges was behavior unacceptable for police officers. The Commission, by a three to two vote, approved the punishment of suspension, but increased it to 180 days.

The officers sought review of the Commission's order in the district court pursuant to § C5.73-3(6) of the Code and C.R.C. P. 106(a)(4). The court reversed the Commission and reinstated the Manager of Safety's 60-day suspension order. The district court also awarded benefits for the additional 120 days of suspension. In so ruling, the district court found that the Commission had abused its discretion in increasing the period of suspension.

█ The standard for the Commission's review is set forth in § C5.73-3(5) of the Code:

"[I]n reviewing the disciplinary action the Civil Service Commission shall give due weight to the necessity of the maintaining by the Chief of administrative control over his department. The Commission shall review the full record before it and shall make written findings, affirming, reversing, or modifying the disciplinary action in whole or in part."

Under this standard, the Chief's administrative control over the Police Department is but one factor to be considered. Other factors are the nature of the violation, the service record of the officer, and such other circumstances as may bear on the issues in each particular case. *See Aurora v. Civil Service Commission,* 40 Colo.App. 98, 570 P.2d 253 (1977).

█ In rendering its decision, the Commission considered the fact that the officers had involved a civilian in the violation, that the officers' many years of experience should have better guided them, and that the officers were at first silent about their participation in the violation when the false tickets were initially discovered in the computer system. These findings indicate a compliance with the standards delineated in § C5.73-3(5) of the Code. *See Aurora v. Civil Service Commission, supra*; and *Ramirez v. Civil Service Commission,* 42 Colo.App. 383, 594 P.2d 1067 (1979).

There being competent evidence in the record to support the action of the Commission, the court erred in overruling it. *Mayerle v. Civil Service Commission,* 738 P.2d 1198 (Colo.App.1987).

The judgment is reversed and the cause is remanded with directions to reinstate the 180-day suspension ordered by the Com-

mission, and to require reimbursement of benefits received pursuant to the district court's 120–day reduction of the period of suspension.

SMITH and METZGER, JJ., concur.