**CITY OF ENGLEWOOD, a Colorado Home Rule City, Plaintiff–Appellee,**

v.

**ENGLEWOOD CAREER SERVICE BOARD and John L. Leydon, Defendants–Appellants.**

No. 88CA0549.

Colorado Court of Appeals, Div. 5.

Sept. 7, 1989.

Rehearing Denied Sept. 28, 1989.

Certiorari Denied Feb. 20, 1990.

---

John R. Olsen, P.C., John R. Olsen, Boulder, for plaintiff-appellee.

Caplan and Earnest, Richard E. Bump, Boulder, for defendant-appellant Englewood Career Service Bd.

Karp & Dodge, Sander N. Karp, Shelley P. Dodge, Denver, for defendant-appellant John L. Leydon.

Brauer & Buescher, P.C., Thomas B. Buescher, Denver, amicus curiae Englewood Police Benefit Ass'n.

Opinion by Judge REED.

Defendants, Englewood Career Service Board (Board) and John L. Leydon, appeal the judgment of the trial court which reinstated the decision of the City of Englewood (City) to terminate Leydon's employment. We reverse.

Leydon was discharged by the City from his position as a police sergeant as the result of disciplinary action following an off-duty incident at his home. He filed an appeal of his dismissal with the Board. Pursuant to the City's code, the Board appointed a hearing officer to conduct evidentiary hearings. After lengthy hearings, the hearing officer found just cause for discipline but insufficient cause for Leydon's termination, and recommended demotion as the appropriate sanction. The Board approved and adopted these findings as being supported by the hearing's record and ordered Leydon's reinstatement at the rank of patrolman.

The City then sought review of the Board's action in the district court under C.R.C.P. 106(a)(4). The trial court concluded that the Board's findings of just cause were supported by the evidence, but that the Board did not have the authority to modify the termination decision of the City once there had been a finding of cause. It held that the Board exceeded its jurisdiction in affirming the hearing officer's recommendation to demote Leydon, and it entered judgment reinstating the City's termination of Leydon.

The Board and Leydon contend that the trial court erred in determining that the Board was without authority to modify the disciplinary action taken by the City. We agree.

 The authority of a city's career service board is derived from that municipality's city charter. *Spickard v. Civil Service Commission*, 31 Colo.App. 450, 505 P.2d 32 (1972). Such a charter is to be strictly construed and no powers are to be exercised except those expressly conferred or necessarily implied. *City of Central v. Axton*, 150 Colo. 414, 373 P.2d 300 (1962).

 Here, the Board derives its duties and powers from the City of Englewood Home Rule Charter Art. XV § 138:4(h). That charter provision empowers the Board:

"To hear disciplinary appeals for any full-time permanent classified employee with respect *only* to whether that employee's suspension, demotion or discharge was for cause which relates to the performance of duties, personal conduct, or any other factor detrimental to the City and/or any other just and reasonable cause." (emphasis supplied)

*Cf.* City of Englewood Municipal Code § 3–IN–9A (containing similar provision).

The City contends, as the trial court found, that use of the term "only" in the Charter provision restricts the Board's authority to a determination of whether cause for discipline exists, but precludes the Board from determining whether cause exists for the particular sanction imposed. We conclude, however, that the use of the term "only" defines the type of disciplinary appeals which may be taken, *i.e.*, those only in which suspension, demotion, or discharge has been imposed as compared with lesser sanctions such as reprimands for which no appeal is allowed. The language of the quoted charter provision is focused not upon whether there is cause for a disciplinary action but rather, "whether, that employee's *suspension, demotion* or *discharge was for cause* which relates to the performance of duties...." (emphasis supplied). Thus, we disagree with the conclusion of the trial court that the Charter restricts the Board's authority to a determi-

nation only of whether cause for any disciplinary sanction exists.

The charter further provides that the City council may enact appropriate ordinances governing the standards and procedures with respect to the duties and powers of the Board. City of Englewood Home Rule Charter Art. XV 137:8. The ordinances provide that, as here, the Board may appoint a hearing officer to hear disciplinary appeals, City of Englewood Municipal Code § 3–3–3A, whose findings and recommendations may not be set aside by the Board unless contrary to laws or unsupported by the weight of the evidence. City of Englewood Municipal Code § 3–3–3F.

On review, the Board then makes its decision a matter of record, affirming, *modifying*, or reversing the findings and recommendations of the hearing officer. City of Englewood Municipal Code § 3–3–3G. This "decision of the Board *shall be final*, subject to judicial review pursuant to Rule 106(a)(4)." City of Englewood Municipal Code §§ 3–3–3H and 3–IN–10B(8). (emphasis added).

The ordinances are consistent with the Charter provisions from which the Board derives its powers. By their express language, they grant the power to the Board to *modify* the findings and recommendations of the hearing officer on a disciplinary appeal. This power to modify is inconsistent with a mere determination of whether cause exists for disciplinary action.

Therefore, the Board acted within its authority in modifying the sanction imposed. Thus, the trial court erroneously reversed the action of the Board by reinstating the City's original sanction of termination.

We need not consider the other issues presented on appeal.

Accordingly, the judgment of the trial court is reversed, and the cause is remanded with instructions to reinstate the decision of the Board.

METZGER and RULAND, JJ., concur.