Allan JONES, Plaintiff–Appellee,

v.

DENVER POLICE PENSION AND RELIEF BOARD, consisting of the following: Manual L. Martinez, Manager of Safety and Chairman of the Board; Captain Lyle D. Hesalroad; Captain Michael T. O'Neill; Lieutenant Thomas P. Haney; Herbert L. Stern III; Lieutenant Michael R. Morahan, Secretary; Sergeant Stephen C. Fugate, Personnel Officer; Sergeant Joseph Pinson, Limited Duty Officer; and the City and County of Denver, Defendants–Appellants.

No. 89CA1561.

Colorado Court of Appeals, Div. I.

Aug. 30, 1990.

Rehearing Denied Oct. 25, 1990.

Robert E. Goodwin & Associates, Robert E. Goodwin, Denver, for plaintiff-appellee.

Stephen H. Kaplan, City Atty., Linda S. Kato, Asst. City Atty., Denver, for defendants-appellants.

Opinion by Judge PIERCE.

The Denver Police Pension and Relief Board (Board) appeals a declaratory judgment construing Denver City Charter § C5.41–1 and Denver Municipal Code § 42–60(b). We affirm.

Retired Denver police officer Alan Jones brought this action in response to. the Board's denial of his request for compensation for accumulated sick leave alleged to be due upon his retirement.

During his career, Jones received numerous on-the-job injuries which required him to take a total of 397 days of disability leave from employment. Having determined that he was entitled to only 365 days of disability leave at full pay, the Board

deducted the remaining 32 days from his accumulated sick leave account. *See* Denver Municipal Code § 42–60.

Upon his retirement, Jones became entitled to receive compensation at full pay for the balance of his sick leave account. Denver City Charter § C5.40–1; Denver Municipal Code § 42–59(b). Jones petitioned the Board to reconsider its allocation of disability leave and sick leave benefits, claiming that the Board was incorrect in its determination that he had exhausted his disability leave allowance and, therefore, erroneously debited his accumulated sick leave account.

In the declaratory judgment action which followed, the district court ruled that the Charter and Code proceedings provide that a new one-year leave bank is started for each separate disability, but that a disability leave due to a recurring disability will revert back to the original leave allowance. Therefore, any disability leave for a recurring injury will be added to the disability days already attributed to the original injury.

The only issues on appeal are regarding the legal interpretations of the Charter and Code. The Board does not dispute that, under the facts of this case, sick leave accrues but rather it questions the determination that a separate 365–day disability leave bank accrues for each job related disability suffered. Also, it urges that the Charter and Code provide for a limit of disability leave for *all* job related disabilities suffered by an individual officer. The Board does not claim that Jones was able to perform any of his duties during his periods of disability.

Denver City Charter § C5.41–1 and Denver Municipal Code § 42–60(b) establish a Denver police officer's entitlement to disability leave. However, the two provisions are nearly identical, and since the charter is effectively Denver's constitution with which the code must be harmonized, an interpretation of the charter provision governs the issue at hand. *See Glenwood Post v. City of Glenwood Springs*, 731 P.2d 761 (Colo.App.1986).

Denver City Charter § C5.41–1 provides: "Any member of the Denver police department in the classified service, who

shall *become* so physically or mentally *disabled* by reason of bodily injuries received in the discharge of the duties of said member in said department that he is rendered unable to perform his duties in said department, *shall be granted any necessary leave or leaves of absence not to exceed one year* at his full salary for the rank which he holds in said department, and shall be compensated from the regular police department payroll." (emphasis added)

In construing the charter provision, we must give it effect in accordance with the plain meaning of its terms. *Glenwood Post v. City of Glenwood Springs, supra.* However, if the provision is ambiguous, an interpretation given to it by the city's executive and legislative bodies is to be given persuasive effect. *Darnall v. City of Englewood,* 740 P.2d 536 (Colo.App.1987).

The Board, which has exclusive control over requests for disability compensation pursuant to Denver City Charter § C5.37–1, urges this court to construe Denver City Charter § C5.41–1 as providing for a total of 365 days of disability leave over the entire period of an officer's career. In the alternative, it requests that we follow its historical interpretation of the charter provision as providing for separate one-year disability leave banks for injuries sustained to separate anatomical body parts.

We agree with the trial court that nothing in the language of the charter provision supports an "anatomical part" construction. Also, nothing in the provision indicates that the 365–day limit is the total allowable leave for all disabilities incurred during an officer's career. Rather, the provision entitles an officer up to 365 days leave or leaves of absence at full pay each time the officer is injured on the job to the extent of being disabled.

Thus, the judgment is affirmed.

SMITH and DAVIDSON, JJ., concur.