**Gregory COOK, Plaintiff–Appellant,**

v.

**CITY AND COUNTY OF DENVER, a municipal corporation; and Aristedes Zavaras, in his official capacity as Manager of Safety of the City and County of Denver, Defendants–Appellees.**

No. 02CA0560.

Colorado Court of Appeals, Div. III.

March 13, 2003.

Bruno, Bruno & Colin, P.C., Andrew J. Carafelli, Denver, Colorado, for Plaintiff–Appellant.

J. Wallace Wortham, Jr., City Attorney, Robert A. Wolf, Assistant City Attorney, Denver, Colorado, for Defendants–Appellees.

Opinion by Judge WEBB.

In this police discipline action, plaintiff, Gregory Cook, appeals the trial court's summary judgment in favor of defendants, the City and County of Denver and Aristedes Zavaras, in his official capacity as the city's manager of safety. Plaintiff argues the trial court erroneously interpreted the city's charter as permitting demotion in rank. We affirm.

Plaintiff was a member of the classified service in the police department. The chief of police recommended plaintiff receive disci-

pline, including demotion from his rank of lieutenant to the rank of police officer, for violating various department rules. Zavaras then issued an order of disciplinary action that, as here relevant, demoted plaintiff as recommended.

Plaintiff commenced this action for a declaratory judgment that the demotion order was ultra vires and contrary to charter § 9.4.13 (formerly § 5.73). He did not contest the underlying rule violations. On cross-motions for summary judgment, the trial court affirmed the order.

Plaintiff contends the trial court erred in granting summary judgment because the charter does not provide for disciplinary action in the form of demotion in rank, although it permits disciplinary reduction in grade. We disagree.

We review a trial court's decision to grant summary judgment de novo using established standards. When, as here, neither party raises a factual dispute, issues of statutory interpretation are particularly appropriate for resolution on summary judgment. *See Bontrager v. La Plata Elec. Ass'n*, 68 P.3d 555 (Colo.App.2003).

The general rules of statutory construction apply to municipal charters. *Smith v. City & County of Denver*, 789 P.2d 442 (Colo.App.1989). However, we must strictly construe charters, which confer only the powers expressed or necessarily implied. *City of Englewood v. Englewood Career Serv. Bd.*, 793 P.2d 585 (Colo.App.1989).

Thus, we construe a charter according to its plain meaning. *Glenwood Post v. City of Glenwood Springs*, 731 P.2d 761 (Colo.App.1986). When a charter is unambiguous, we will not alter the plain meaning. *Smith v. City & County of Denver*, *supra*. Conversely, if the language does not clearly establish the meaning, or if the language is unclear because provisions are in conflict, then we must ascertain its meaning, and we may do so from extrinsic sources. *See Walgreen Co. v. Charnes*, 819 P.2d 1039 (Colo. 1991); *cf. People v. Cooper*, 27 P.3d 348 (Colo.2001).

We construe charter provisions on the same subject matter together, which allows us to ascertain intent and avoid inconsistency. *Smith v. City & County of Denver*, *supra*. If language can be reconciled using one interpretation, but would conflict under another interpretation, we favor the interpretation allowing for consistency. *People v. Dist. Court*, 713 P.2d 918 (Colo.1986). We avoid an interpretation that leads to an absurd or unreasonable result. *AviComm, Inc. v. Colo. Pub. Utils. Comm'n*, 955 P.2d 1023 (Colo.1998).

When a charter provision is susceptible of more than one interpretation, the interpretation suggested by the city's executive and legislative bodies is persuasive. *Mile High Enters., Inc. v. Dee*, 192 Colo. 326, 558 P.2d 568 (1977); *Jones v. Denver Police Pension & Relief Bd.*, 801 P.2d 16 (Colo.App. 1990).

### I.  Reduction in Grade

Plaintiff argues the trial court erred because the applicable charter provisions are unambiguous and do not provide for demotions in rank. We disagree.

Denver City Charter § 9.4.13 provides:

> The rules governing the conduct of members of the Classified Service in the Fire and Police Departments shall be set forth as written rules and regulations by the Chief of each of the respective departments with the approval of the Manager of Safety, provided however, that such rules and regulations shall not contain any political or religious qualifications or disqualifications. Any member of the Classified Service shall be subject to reprimand, discharge, *reduction in grade*, fine and/or suspension for a violation of such rules and regulations.

(Emphasis added.)

According to plaintiff, this provision is unambiguous because it allows a reduction in grade, but says nothing about a demotion in rank. Defendants assert that this provision is ambiguous. We agree with defendants.

We ascertain the meaning of "reduction in grade" by examining other charter provi-

sions. *See Smith v. City & County of Denver, supra.*

Plaintiff emphasizes charter § 9.6.6(A) (formerly § 5.46–2), which provides:

The Classified Service of the Police Department shall only consist of the following ranks and grades: (i) Rank: Captain of Police, Lieutenant of Police, Radio Engineer, Sergeant of Police, Police Officer. (ii) Grades of Police Officer: 1st Grade, 2nd Grade, 3rd Grade, 4th Grade, Recruit.

This provision differentiates between rank and grade.

Charter § 9.6.8 (formerly § 5.47) defines the grades of police officers based on length of service within that rank and also provides, "Nothing herein shall prohibit disciplinary action as provided in [the current charter § 9.4.13]."

Thus, among the various ranks within the police department, grades exist only for the rank of police officer. However, the levels of discipline listed in charter § 9.4.13 apply to "any member" of the police department. Hence, plaintiff's narrow interpretation of "reduction in grade" conflicts with the breadth of "any member" because only members holding the rank of police officer are subject to "reduction in grade."

The charter empowers the chief of police to maintain administrative control over the police department and to initiate disciplinary action involving members of the police force. Charter § 9.4.14(A) (formerly § 5.73–1(1)); *Cooper v. Civil Serv. Comm'n,* 43 Colo.App. 258, 604 P.2d 1186 (1979). The chief of police then submits the disciplinary action to the manager of safety, charter § 9.4.14(A), who approves, modifies, or disapproves the disciplinary order. Charter § 9.4.14(B) (formerly § 5.73–1(2)); *Koger v. Civil Serv. Comm'n,* 754 P.2d 414 (Colo.App.1987). The manager of safety has, "subject to the supervision and control of the Mayor, full charge and control of the departments of fire and police." Charter §§ 2.6.1, 2.6.2 (formerly §§ A9.1, A9.2); *City & County of Denver v. Powell,* 969 P.2d 776 (Colo.App.1998).

Demotion in rank represents an important aspect of maintaining discipline and control within the police department. Plaintiff's nar-row interpretation of "reduction in grade," in contrast, would conflict with the broad power to discipline set forth elsewhere in the charter by precluding demotion in rank.

Accordingly, we conclude "reduction in grade" in charter § 9.4.13 is ambiguous.

## II. Demotion in Rank

■ Plaintiff next contends that, even if "reduction in grade" is ambiguous, we should not interpret it to include demotion in rank. Again, we disagree.

Because we have concluded charter § 9.4.13 is ambiguous, we apply rules of interpretation and look to extrinsic sources in ascertaining the provision's meaning. These rules and sources undercut plaintiff's position.

### A.

Initially, excluding demotion in rank from the discipline to which members of the police department are subject would lead to an unreasonable, if not absurd, result.

The disciplinary hierarchy set forth in charter § 9.4.13 ranges from the most severe, "discharge," to the least severe, "reprimand." Although the Colorado appellate courts have not addressed the issue, many jurisdictions hold that the power to discharge necessarily implies the power to demote. *See, e.g., City of Las Vegas v. Int'l Ass'n of Firefighters,* 108 Nev. 64, 824 P.2d 285 (1992)(collective bargaining agreement); *Jones v. Bayless,* 208 Okla. 270, 255 P.2d 506 (1953)(city charter); *Civil Serv. Comm'n v. Eckles,* 376 Pa. 421, 103 A.2d 761 (1954)(civil service regulations); *cf. Bratton v. Dice,* 93 Colo. 593, 27 P.2d 1028 (1933)(power to remove does not exclude power to suspend).

If the power to demote were not implied, plaintiff's proposed interpretation could unreasonably disadvantage members of the police force. The chief of police and the manager of safety might find misconduct that would threaten public safety if a member continued to exercise the powers of his or her rank, but under plaintiff's view they would be unable to demote the member in rank. The result of this Hobson's choice

could be discharge of a member who remained competent to perform the duties of a lower rank. *See Bd. of County Comm'rs v. Park County Sportsmen's Ranch, LLP,* 45 P.3d 693 (Colo.2002)(interpretation leading to just and reasonable result preferred).

## B.

The Civil Service Commission of the City and County of Denver has interpreted "reduction in grade" in charter § 9.4.13 to include reduction in grade and reduction in rank. It explained, "[T]he section was not carefully drawn, but the intent was to allow management to exercise the traditional rights to maintain discipline by imposing a number of punishments, including reduction in rank or grade." *In re John O. Brown,* (Civil Serv. Comm'n of City & County of Denver, May 11, 1994).

We are persuaded by the civil service commission's interpretation because it gives harmonious effect to other charter provisions, as previously discussed.

## C.

Plaintiff makes several arguments in favor of interpreting "reduction in grade" narrowly, which we find unpersuasive.

Plaintiff first correctly asserts that a member of the police department acquires a vested property interest in the rank he or she holds. *See, e.g., City & County of Denver v. Dist. Court,* 196 Colo. 134, 582 P.2d 678 (1978). However, a member has an even greater property interest in the employment relationship itself, yet is subject to "discharge" under charter § 9.4.13. Thus, the vested property interest, whether in the rank or the employment relationship, only implicates certain procedural due process rights. *See Anderson v. Colo. State Dep't of Pers.,* 756 P.2d 969 (Colo.1988).

Second, plaintiff notes that the difference between rank and grade enjoys judicial recognition. *See Schmidt v. Hurst,* 109 Colo. 207, 216, 124 P.2d 235, 239 (1942)("A change in rank is a material change in duties and responsibilities. A change to a higher grade calls for an increase in salary from one fixed limit to another."). However, this difference

does not make demotion in rank less appropriate than reduction in grade.

Third, plaintiff argues that charter § 9.6.8, which defines grades of police officers and firefighters, includes a cross-reference to the disciplinary hierarchy of charter § 9.4.13, while charter § 9.6.6(A), which lists the ranks within the police department, contains no similar cross-reference. However, the disciplinary hierarchy at issue applies to "any member," so we draw no conclusion from the lack of a cross-reference in the description of ranks.

Fourth, plaintiff focuses on the examination process necessary to advancement in rank. However, we discern no contradiction between advancement by examination and demotion for misconduct. If misconduct showed a member to be no longer qualified for the rank that he or she had attained, requiring the member to repeat the selection process, including examination, following a demotion would appropriately protect the public.

Accordingly, we conclude the trial court correctly interpreted "reduction in grade" in charter § 9.4.13 as including reduction in both rank and grade.

## III. Due Process

Plaintiff also argues the trial court impermissibly read a due process requirement into charter § 9.4.13. However, in the trial court, plaintiff only argued that the demotion order was ultra vires. We do not read the trial court's comments on due process as necessary to its rejection of this claim.

Accordingly, we need not address the trial court's reference to the due process protections afforded a rank in the civil service.

The judgment is affirmed.

Judge DAVIDSON and Judge ROY concur.