The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
May 2, 2019

## 2019COA65

**No. 18CA0418, *O'Connell v. City and County of Denver* — Municipal Law — City and County of Denver — Charter of the City and County of Denver — Zoning; Denver Municipal Code — Landmark Preservation**

A division of the court of appeals considers whether the Denver City Council's designation of a historic preservation district under the landmark preservation code is an exercise of the Council's City Charter Section 3.2.9 authority. The division concludes that it is.

The district court concluded otherwise and consequently dismissed plaintiffs' claims. The division reverses the district court's order dismissing plaintiffs' claims and remands for further proceedings.

COLORADO COURT OF APPEALS                                    **2019COA65**

---

Court of Appeals No. 18CA0418
City and County of Denver District Court No. 17CV33923
Honorable Robert L. McGahey, Jr., Judge

---

Kevin O'Connell, Paul Hudgens, Carol Purdy, and Dee Hayes,

Plaintiffs-Appellants,

v.

City Council of Denver and City and County of Denver, Colorado,

Defendants-Appellees.

---

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division II
Opinion by JUDGE ASHBY
Dailey and Vogt*, JJ., concur

Prior Opinion Announced December 13, 2018, <u>WITHDRAWN</u>
Petition for Rehearing <u>GRANTED</u>

Announced May 2, 2019

---

J.D. Porter, LLC, Jordan Porter, Denver, Colorado, for Plaintiffs-Appellants

Kristin M. Bronson, City Attorney, Tracy A. Davis, Assistant City Attorney, Adam C. Hernandez, Assistant City Attorney, Joshua Roberts, Assistant City Attorney, Denver, Colorado, for Defendants-Appellees


*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2018.

¶ 1     Plaintiffs, Kevin O'Connell, Paul Hudgens, Carol Purdy, and Dee Hayes, appeal the district court's order dismissing their claims against defendants, the City Council of Denver and the City and County of Denver, for failure to state a claim. We reverse and remand with directions.

## I. Background

¶ 2     Plaintiffs are property owners in a Denver neighborhood that defendants recently designated as a historic district called the Packard's Hill Historic District (PHHD). The designation process culminated in September 2017, when the Denver City Council voted eight to five in favor of the designation.

¶ 3     Plaintiffs opposed the designation throughout the process and sued defendants after the final vote. Plaintiffs' complaint alleged that the designation violated Denver City Charter section 3.2.9(E). That provision requires a vote of at least ten City Council members to change certain regulations, restrictions, or boundaries when owners of at least twenty percent of the area included in the change oppose it. According to the complaint, owners of at least twenty percent of the PHHD opposed its designation, therefore triggering the ten-vote requirement.

¶ 4    Plaintiffs' complaint contained three claims based on this alleged violation: one claim for a declaratory judgment under C.R.C.P. 57; one claim to compel defendants to adhere to the Charter provision under C.R.C.P. 106(a)(2); and one claim that defendants violated the Charter provision under C.R.C.P. 106(a)(4). Defendants moved to dismiss all three claims under C.R.C.P. 12(b)(5), arguing that plaintiffs had failed to state a plausible claim for relief because the Charter provision did not apply to historic district designations.  In a written order, the district court agreed with defendants and dismissed all of plaintiffs' claims.

¶ 5    Plaintiffs appeal that order.  In our initial opinion, we did not address the district court's determination that the Charter provision did not apply to historic district designations because we concluded that the claims were subject to dismissal on other grounds.  After considering plaintiffs' petition for rehearing, we decide to address the grounds relied on by the district court and conclude that the court erred by dismissing plaintiffs' claims.

II. Charter Section 3.2.9 Applies to Historic District Designations

¶ 6    We review de novo a district court's ruling granting a motion to dismiss for failure to state a claim under C.R.C.P. 12(b)(5).  *Andres*

*Trucking Co. v. United Fire & Cas. Co.*, 2018 COA 144, ¶ 15. In doing so, we accept the factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Id.* at ¶ 14. Based on those facts, we then determine whether the complaint states a plausible claim for relief. *Id.*

¶ 7 Plaintiffs argue that the district court erred by ruling that historic district designations are not an exercise of the City Council's Charter section 3.2.9 powers (3.2.9 powers). According to plaintiffs, a historic district designation is an exercise of that authority and the designation must therefore comply with section 3.2.9, including section 3.2.9(E)'s ten-vote requirement. We agree with plaintiffs and therefore reverse the district court's order dismissing plaintiffs' claims with prejudice.

## A. Governing Law

¶ 8 We review interpretations of a city charter and municipal code de novo, applying ordinary rules of statutory construction. *See Marshall v. Civil Serv. Comm'n*, 2016 COA 156, ¶ 9 (interpreting city charter); *Alpenhof, LLC v. City of Ouray*, 2013 COA 9, ¶ 10 (interpreting city code). Under those rules of statutory construction, we aim to give effect to the legislative intent. *See MDC*

3

*Holdings, Inc. v. Town of Parker*, 223 P.3d 710, 717 (Colo. 2010). To determine legislative intent, we look first to the language of the charter or code provisions. *City of Colorado Springs v. Securcare Self Storage, Inc.*, 10 P.3d 1244, 1249 (Colo. 2000). If we can give effect to the ordinary meaning of the words in the provision, we will construe the provision as written. *Id.*

¶ 9 The interpretation of a provision by an agency charged with its administration is entitled to deference. *See Marshall*, ¶ 9. But courts are "not bound by an agency interpretation that is inconsistent with the clear language of the [provision]." *Barnes v. Dep't of Revenue*, 23 P.3d 1235, 1236 (Colo. App. 2000).

¶ 10 With these principles in mind, we turn to the Charter and code provisions at issue in this case.

B. Charter Section 3.2.9 and Landmark Preservation Code

¶ 11 Denver is a home rule city, and its Charter is effectively the City's constitution. *See Glenwood Post v. City of Glenwood Springs*, 731 P.2d 761, 762 (Colo. App. 1986). Charter section 3.2.9(B) gives the City Council the authority to create "Districts of such manner, shape and area as may be deemed best suited to carry out the purposes of this Charter; and within such districts it may regulate

4

and restrict the erection, construction, reconstruction, alteration, repair or use of buildings, structures or land."

¶ 12     Charter section 3.2.9(E) provides that those "regulations, restrictions and boundaries may from time to time be amended, supplemented, changed, modified or repealed." If a proposal to make such a change is opposed by the owners of at least twenty percent of the area included in the proposal, it requires at least ten votes on the City Council to pass. *Id.*

¶ 13     Chapter 30 of the Denver Revised Municipal Code (DRMC) contains the ordinances governing historic districts. It establishes the criteria and procedure for creating historic districts. DRMC 30-3. Once a historic district is created, DRMC 30-6 provides that the landmark preservation commission must approve the demolition, alteration, reconstruction, construction, or erection of buildings within the district.

¶ 14     By its clear language, the landmark preservation code regulates the same activity that Charter section 3.2.9(B) authorizes the City Council to regulate. The description of the regulations contemplated by Charter section 3.2.9 and DRMC 30 are nearly identical. Charter section 3.2.9(B) empowers the City Council to

5

regulate or restrict the "erection, construction, reconstruction, alteration, repair or use of buildings, structures or land." And DRMC 30-6(3) requires a landmark preservation commission permit for "[a]lteration of, reconstruction of, or addition to the exterior of any structure" designated for preservation, DRMC 30-6(3)(a); "[d]emolition of any structure" designated for preservation, DRMC 30-6(3)(b); or "[c]onstruction of, erection of, or any addition to any structure upon any land" designated for preservation, DRMC 30-6(3)(c). Therefore, by creating a historic district under the landmark preservation code, the City Council is exercising its 3.2.9 powers.

¶ 15    We are not persuaded otherwise by any of defendants' arguments. Defendants point out that the City Council, pursuant to its 3.2.9 powers, has enacted the zoning code, which is in a separate section of the municipal code than the landmark preservation code. They further point out that the zoning code prescribes a regulatory scheme distinct from that of the landmark preservation code. This is true, but irrelevant.

¶ 16    Nothing about Charter section 3.2.9 requires that all ordinances enacted pursuant to it reside in the same place in the

6

city's municipal code. And the activity regulated and restricted under the landmark preservation code falls within the general description of regulations authorized by Charter section 3.2.9. We therefore see no reason why the zoning code and the landmark preservation code cannot be separate exercises of the City Council's 3.2.9 powers.

¶ 17    Next, defendants argue that designating a historic district under the landmark preservation code cannot be an exercise of the City Council's 3.2.9 powers because it is instead an exercise of the City Council's police power. Their support for this argument relies entirely on similarities in the purposes of the police power and the landmark preservation code; the Charter gives the City Council the police power to preserve the "general welfare" of the city and its inhabitants,[1] and the landmark preservation code's policy declaration states that one of its purposes is promoting the "general

---

[1] Our appellate review extends only to municipal provisions that are included in the record. *See Alpenhof, LLC v. City of Ouray*, 2013 COA 9, ¶ 10. And defendants failed to include the Charter police power section in the record on appeal. We nevertheless reject defendants' police power argument on its merits by assuming that defendants accurately represented the substance of the Charter's police power section in their answer brief.

welfare of the people," DRMC 30-1(1). But this common purpose does not distinguish the landmark preservation powers from the 3.2.9 powers. Indeed, the City Council's 3.2.9 powers also exist for the "purpose of promoting . . . the general welfare of the community." Charter § 3.2.9(A). Moreover, defendants do not explain, and we cannot discern, why such overlapping purposes would be problematic.

¶ 18    Finally, defendants argue that historic districts are distinct from the districts referred to in Charter section 3.2.9. But Charter section 3.2.9 does not define "district." It states only that the City Council "may divide the City and County of Denver into Districts of such manner, shape and area as may be deemed best suited to carry out the purposes of this Charter." Charter § 3.2.9(B). Historic districts designated under the landmark preservation code certainly fit this description.

¶ 19    It is true that we would ordinarily defer to a city's interpretation of its own charter and ordinances. But we owe no deference to interpretations that are contrary to the provisions' clear language. *See Barnes*, 23 P.3d at 1236. Charter section 3.2.9 clearly authorizes the City Council to draw districts and regulate

and restrict what can be done to buildings, structures, and land within those districts. Creating a historic district pursuant to the landmark preservation code also does just that; it establishes a new district and imposes regulations and restrictions on the activity described by Charter section 3.2.9.

¶ 20    For all of these reasons, we conclude that establishing historic districts under the landmark preservation code is an exercise of the City Council's 3.2.9 powers. The district court therefore erred by ruling otherwise and dismissing plaintiffs' complaint as a result.

¶ 21    Based on our determination that Charter section 3.2.9 applies to historic district designations, we need not address plaintiffs' argument that defendants' failure to apply Charter section 3.2.9 to the PHHD designation violated due process.

### III. Other Issues

¶ 22    We conclude above that, in general, Charter section 3.2.9 applies to historic district designations. But plaintiffs' complaint is based on a more specific allegation: that the proposed creation of the PHHD triggered the ten-vote requirement of Charter section 3.2.9(E). This ten-vote requirement is triggered when there is a proposal to amend, supplement, change, modify, or repeal a

regulation, restriction, or boundary and that proposal has sufficient opposition. Charter § 3.2.9(E). Importantly, plaintiffs' complaint did not allege facts establishing that the creation of the PHHD triggered the ten-vote requirement of Charter section 3.2.9(E) because the complaint did not allege that the PHHD designation had any effect on existing regulations, restrictions, or boundaries.

¶ 23    Defendants did not raise this issue in their motion to dismiss, and the district court did not address it. Ordinarily, we would not comment on this issue because it is unnecessary to our resolution of the appeal. However, our previous now-withdrawn opinion identified this factual shortcoming in the complaint. We therefore note that because we reverse the dismissal of plaintiffs' complaint on the grounds articulated above, plaintiffs should now have an opportunity to cure the deficiency in their complaint, if they can, on remand. C.R.C.P. 15(a) allows a party to amend a pleading "once as a matter of course at any time before a responsive pleading is filed." And because defendants have yet to file a responsive pleading, plaintiffs should be entitled to amend their complaint. *See Davis v. Paolino,* 21 P.3d 870, 873 (Colo. App. 2001) (motion to dismiss is not a responsive pleading for purposes of C.R.C.P. 15(a)).

## IV. Conclusion

¶ 24    The district court's judgment dismissing plaintiffs' complaint with prejudice is reversed.  The case is remanded to the district court with directions to conduct further proceedings consistent with this opinion.

JUDGE DAILEY and JUDGE VOGT concur.